DONALD K. CARROLL, Judge.
Appellee, plaintiff below, filed his complaint in the Circuit Court, alleging that defendant, through his agent, Gene E. Hawkins, purchased from plaintiff fifty-four head of cattle for $6,070.39, and received delivery of the cattle from plaintiff; that •the said Hawkins, as such agent, delivered to plaintiff his check for the amount of the purchase price of the cattle, which check was dishonored by the bank on which it was drawn. These allegations of the *90 complaint were denied by defendant in his answer.
Appellee then, pursuant to Rule 1.36 of the Florida Rules of Civil Procedure, 30 F.S.A., filed a motion for summary judgment, together with supporting affidavits. The trial court granted the motion and entered a summary judgment, holding that there was no genuine issue as to any material fact and that the plaintiff was entitled to a summary judgment as a matter of law.
At the hearing before the trial court on the motion the defendant presented opposing affidavits, in one of which the defendant swore that he had not bought nor received any cattle from the plaintiff; that he never authorized any agent to purchase any cattle from plaintiff; that Gene E. Hawkins at no time purchased any cattle from plaintiff as the agent of defendant.
In another affidavit before the trial court, the affiant, a livestock market operator, stated that the cattle in question were delivered to his market in Gainesville, Florida, and not to the defendant’s packing plant at East Palatka.
Rule 1.36 of the Florida Rules of Civil Procedure provides for the entry of a summary judgment or decree in favor of the moving party “if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.”
In the instant case delivery and agency were certainly material facts, and the affidavits mentioned showed there was a genuine issue as to these material facts.
It is established in Florida, following the quoted rule, that only in the absence of a genuine issue of a material fact should a summary judgment be employed to end a case without the intervention of a jury. See Wilson v. Bachrach, Fla., 65 So.2d 546; Yost v. Miami Transit Co., Fla., 66 So.2d 214; Weisberg v. Peri, Fla., 73 So. 2d 56, and Fouts v. Household Finance Corp., Fla., 75 So.2d 772.
We therefore hold that the summary judgment should be reversed and that the cause should proceed to trial.
Reversed.
STURGIS, C. J., and WIGGINTON, J., concur.