CARROLL, DONALD K., Chief Judge.
The defendants have appealed from a final summary judgment entered against them by the Circuit Court for Volusia County in a contract action.
The summary judgment was based upon the complaint, the answer, the request for admissions and the answers thereto, and certain depositions. The court refused to permit the defendants to put in evidence matters concerning the interpretation of the plans and specifications which were a part of the contract sued upon, for the stated reason that such evidence was not admissible under the defendants’ “plea of the general issue.” The propriety of the court’s ruling that such evidence was inadmissible is the crucial question on this appeal.
The plaintiffs, partners engaged in the business of constructing buildings, alleged in their complaint that prior to May 6, 1958, in order to bid on a certain high school, they requested several acoustical tile contractors, including the defendants, to make offers to enter into a sub-contract for the acoustical tile in the high school; that the plaintiffs specified that the said offers were to be for furnishing labor and materials and installing acoustical tile in the high school according to the plans and specifications for the said school, and more particularly according to Section 13 of the said plans and specifications entitled “Acoustical Tile”, which were prepared by a certain firm of architects; that on May 6, 1958, the defendants orally offered to install and furnish the acoustical tile for the high-school in accordance with the said plans and specifications at the price of $5,067, which offer was the low acoustical tile bid; that the plaintiff, in reliance on the said bid of the defendants, on May 6, 1958, submitted their bid for the construction of the high school and on June 10, 1958, were awarded the general contract to construct the school; that on June 12, 1958, the plaintiffs notified the defendants by a “letter of intent” that they accepted the defendants’ offer to furnish and install the acoustical tile as aforesaid; that the defendants have refused to furnish and install acoustical tile in the high school according to said plans and specifications at the price agreed upon between the plaintiffs and the defendants, thus breaching the contract they had entered into with the plaintiffs. The plaintiffs further alleged that because of this refusal by the defendants to perform their part of the contract, the plaintiffs had to enter into a new contract for the furnishing and installation of the said acoustical tile at the price of $6,-925 with another acoustical tile contractor ; that because of the defendants’ breach of the said contract, the plaintiffs were damaged in the amount of $1,858. No exhibits of any kind were attached by the plaintiffs as a part of their complaint.
Soon after the filing of the above complaint, the defendants filed a motion for more definite statement against the complaint. Among the grounds stated in the motion were these: that the complaint fails to allege the oral contract or any written contract between the parties; that it fails to set out the “letter of intent” as alleged in the complaint; that it fails to set forth the plans and specifications upon which the alleged bid was to be made; and that it fails to allege and set forth the nature of the written sub-contract that defendants refused to enter into. At the same time, the defendants also filed a motion to dismiss the complaint. After a hearing on these two motions of the defendants, the court entered an order denying both of them and allowing the defendants twenty days within which to answer or further plead to the complaint.
Within the twenty-day period the defendants filed their answer to the complaint, admitting its allegations as to their residence and the nature of their business (acoustical tile contracting), stating that they were without knowledge of the truth of the allegations as to the status and the business of the plaintiffs, and denying *795 ■“each and every the allegations contained” in the remaining paragraphs of the complaint.
The evidence before the court at this hearing showed that the specifications on which the defendants based their bid provided as follows: “Accoustical tile shall be PRWR, twelve times twelve times three-fourths tile with random perforations, washable white surface and kerfed for mechanical suspension.” One of the defendants on his deposition testified that the letters “PRWR” in the specification meant “Perforated Random white resistant.” He also testified that it was his interpretation of the specification that a Johns-Manville product could be used to satisfy the specifications, that, although the defendants were willing to install the Johns-Manville product, the plaintiffs requested that they install instead Owens-Corning Fiberglas tile, but the defendants were not franchised with the latter company. A partner in the architectural firm that prepared the specifications, testifying in his deposition on behalf of the plaintiffs, agreed that the description “PRWR, 12 x 12 x * * * without any more would be misleading.”
In the final summary judgment the court recited that the attorney for the defendants had stated that all of his witnesses were to testify to the interpretation and meaning of the specifications. The court then held that such testimony and other evidence concerning the interpretation of the specifications were inadmissible under the general issue pleaded as a defense by the defendants.
In its final summary judgment the court thus explained its ratio decidendi in holding that evidence offered by the defendants as to the interpretation of the specifications for the acoustical tile was inadmissible under the general issue which they had pleaded as a defense:
“Such facts, under the pleadings that are before this Court are not admissible in evidence. This defense is one of confession and avoidance, and a matter of affirmative relief, and thus must be specifically pleaded, as provided for by the Florida Rules of Civil Procedure. It is this Court’s understanding that a denial such as found in the defendants’ answer, denies every material allegation of the complaint, but covers defenses that only go to destroy the plaintiffs’ cause of action and not those that are grounded on matters constituting a confession and avoidance or an affirmative defense. This Court, therefore, does find that evidence going to the meaning of the specifications upon which the admitted offer was made, is inadmissible; said evidence being a matter which is not in direct denial of any element essential to the proof of the plaintiffs’ case, but which is a matter in confession and avoidance, attempting to prove justification and good cause for refusing to perform. It is this Court’s further opinion, that as the defendants here had a built-in remedy under the general conditions of the specifications, that disagreements between the individuals concerned wouldbe submitted to arbitration but did not avail themselves of this remedy, then any testimony going to ambiguities in the language of the specifications is irrelevant to the matter at hand.”
It is our view, after a careful consideration of the intent, purpose, and meaning of the Florida Rules of Civil Procedure, that the Circuit Court erred in holding that the mentioned evidence was inadmissible under the general issue.
First, looking at the situation presented on this appeal from the point of view of the impact of the court’s holding upon the endeavor of the defendants to procure a fair adjudication of their position in this action, we find that the defendants properly followed the procedures available to them under the rules by filing *796 a motion for more definite statement, addressed to the complaint, which motion is provided for in Rule 1.11(e), 30 F.S.A., which reads as follows:
“Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. , If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or within such other time as the court may fix the court may strike the pleading to which the motion was directed or make such order as it deems just.”
We think that the defendants’ motion for more definite statement should have been granted by the court, at least to the extent of .requiring the plaintiffs to set forth the terms of the contract, the specifications involved, and the “letter of intent.” Without knowing precisely the contract sued upon and the exact promise allegedly breached by them, the defendants could hardly have dared to file a defense of confession and avoidance, for they could have no sure knowledge of the exact contract which allegedly was the basis of the cause of action sued upon by the plaintiffs.
Another of the Florida Rules of Civil Procedure, we think, required the plaintiff to set forth the terms of the contract, specifications, and “letter of intent.” That rule is Rule 1.10, which reads as follows:
“Attaching Copy of Cause of Action and Exhibits.
“(a) * * * All bonds, notes, bills of exchange, contracts, accounts or documents upon which suit may be brought, or a copy thereof, or a copy of the portions thereof material to the cause of action, shall be incorporated in or attached to the complaint or answer, but no papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts or other instruments in haec verba.
“(b) * * * Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”
The defendants were thus faced with being compelled to plead defensively to the merits to a complaint sounding in contract alleging that they had breached an agreement involving some unalleged specifications, while feeling that they had breached no contract if their interpretation of the specifications was correct. To have confessed the making of the nebulously-alleged contract might have been fatal to the defendants’ cause, and we cannot believe that it is the contemplation of the Florida Rules of Civil Procedure to put any defendant, or any party, in such a well-nigh untenable position. If there were any question about our view, we could invoke Rule A of the Florida Rules of Civil Procedure, pertaining to the scope of the rules, which .rule reads in pertinent part: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.”
Even if we were to disregard the fact of the court’s denial of the defendants’ motion for a more definite statement, we are of the opinion that the defendants were entitled to the admission of their evidence concerning the interpretation of the specifications under the general issue which they had pleaded. Our .rules specifically give to a defendant the right to file a general denial. Rule 1.8(c) provides in pertinent part:
“Unless the pleader intends in good faith to controvert all of the aver-ments of the preceding pleading, he may make his denials as specific denials of designated averments, or he may generally deny all of the averments *797 except such designated averments as he expressly admits; but, when he does so intend to controvert all of its averments, including averments of the grounds upon which the Court’s jurisdiction depends, he may do so by general denial.”
After all, the crux of the cause of action alleged by the plaintiffs in their complaint is the breach of the contract by the defendants. By filing their general denial defense the defendants denied such breach, and the determination of the meaning of the specifications involved is vital to a determination of whether the defendants breached the contract.
Our view seems in harmony with the general .rule recognized in other jurisdictions as to the effect of a general denial. This general rule is thus set forth in 41 Am.Jur., Pleading, Sec. 366, page 541:
“Of General Denial. A general denial puts in issue every material allegation of the complaint, except those admitted. It goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his case. Any fact which goes to destroy, not to avoid, the plaintiff’s cause of action is provable under the general denial, including facts independent of those averred in the complaint, of an affirmative character, but which have a negative effect upon the issues. In certain cases evidence that the cause of action never had a legal existence is admissible under the general denial.”
Certainly the interpretation of the specifications goes to the heart of the plaintiffs’ cause of action. The introduction by the defendants of evidence as to the proper interpretation of the specifications would tend to controvert facts which the plaintiffs must establish to sustain their case. Only if it is found that the defendants failed to meet the specifications, as properly interpreted, can they be held liable in damages to the plaintiffs for breach of contract.
The evidence of the defendants as to the interpretation of the specifications, which form the basis for the contract sued upon by the plaintiffs, raised a genuine issue as to a material fact, which should have been submitted to a jury for determination, and so the Circuit Court was without authority to enter the final summary judgment appealed from. The plaintiffs were not entitled to a judgment as a matter of law.
Should we concede for the purpose of discussion that the defense sought to be interposed was not properly provable under the defense of general denial, at that stage of the proceedings the trial court should have denied the motion for summary judgment and granted defendant a reasonable time within which to plead in the affirmative his defense in the nature of a confession and avoidance. Such is in conformity with the spirit and intent of Rule 1.15 relating to amended and supplemental pleadings.
In view of our holding it is unnecessary to consider and dispose of the other points raised on this appeal.
The final summary judgment is reversed and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
STURGIS and WIGGINTON, JJ., concur.