PER CURIAM.
Appellant Cecelia Lanzner was injured in a fall. She and her husband sued the ap-pellees for damages, and now appeal from an adverse summary judgment. The facts material to the decision are sufficiently set out in the opinion and judgment of the able trial judge which is quoted hereinbelow and which discusses and determines the questions of law involved, viz.:
“This cause came on to be heard upon the defendants’ renewal of their respective motions for summary judgment by which they each contend that there is no genuine issue as to any material fact affecting their respective liability and that they are each entitled to judgment as a matter of law. For the reasons set forth below I am reluctantly compelled to agree.
“At the outset it should be noted that, although this proceeding was commenced in October of 1958 with a complaint, which was subsequently supplemented by amendment in November of that year, the plaintiffs ‘cleared the deck’ on March 18, 1959 with an amended complaint.
“This action apparently resulted from an order of this court (Holt, J.) entered on February 19, 1959, allowing the plaintiffs ‘ * * * to file an amended complaint setting forth allegations found in contract, as it appears to this Court that allegations found in tort against the city of North Miami Beach have been barred by the statute of limitations,[1] Florida Statute 95.24 [F.S.A.].’ It is therefore the amended complaint, responsive pleadings thereto, the deposition (including appended exhibits), interrogatories and admissions which constitute the material portions of the record.
“A critical analysis of the sworn testimony reflected in the depositions reveals that plaintiffs suffered damages as a result of an accident which occurred on or about December 15, 1956 in the vicinity of the southwest corner of the intersection of N.E. 155th Street and N.E. 12th Avenue in the city of North Miami Beach.
“As contended by plaintiffs’ counsel (with support in the record) the accident resulted from a negligent or wrongful or improper excavation or gradings (incident to certain municipal improvements in the area).
“Now, whatever else may be said the evidentiary record reflects that there is no issue as to this very material fact: neither the defendant, Franklin Contracting Co., nor the defendant, C. T. Stockton, Inc., had anything to do with the excavation or gradings in question. This fact is established without dispute. At the hearing, in response to inquiry by the court, plaintiffs’ counsel candidly conceded as much, although he felt that the mere con *628 trary allegations of plaintiffs’ amended complaint were sufficient to preclude a summary judgment. With this I cannot agree. Where the sworn testimony developed by the depositions pierces the allegations of the amended complaint and establishes freedom from legal fault those defendants so exonerated are, in my judgment, entitled to summary relief and I so find in favor of the defendants C. T. Stockton, Inc. and Franklin Contracting Co.
“That brings us to the remaining defendant, the City of North Miami Beach. Plaintiffs urge that the city’s motion for summary judgment must be denied because R. & J. Emmons (R. & J. Emmons, Inc., as of the time depositions were taken), the excavating and paving company which actually made the allegedly faulty excavation and gradings in question, was an agent or employee of the defendant city. The city, 'however, contends that the relationship of Emmons to it was that of an independent contractor.
“Assuming that plaintiffs’ version of the facts (calling for the application of master and servant principles of law) is sound, or even assuming, without deciding, that the ‘non-delegable duty doctrine’ applies (as it probably does) to the defendant city in these circumstances, it must be noted that these theories of liability (and all other theories which have my evidentiary foundation in the record) all sound in tort or negligence. There is no dispute as to the issue, which is here determinative: that this action against the city is for ‘negligent or wrongful injury or damage to person or property.’ Plence, it is barred by Section 95.24, Florida Statutes [F.S.A.], which requires that all such actions against a city be brought within twelve months from the time of the injury or damages. Here, again the depositions have pierced the allegations of the amended complaint and affirmatively demonstrate the absence of any contract between the plaintiffs and the defendant city, the breach of which was the proximate cause of plaintiffs’ injuries and damages— assuming even that the existence of such a contract would constitute an effective bypassing of Section 95.24, Florida Statutes [F.S.A.]. The premises considered it is accordingly
“Ordered and Adjudged that the defendants’ renewed motions for summary judgment be and they are hereby granted, and final judgment be, and it is hereby, entered in favor of each of the defendants and against the plaintiffs and the plaintiffs shall take nothing by their plaint, and the defendants go hence without day. The defendants shall have their lawful costs to be hereinafter taxed on motion and notice in accordance with the rule.”
On consideration of the record and briefs we conclude, as and for the reasons expressed by the trial judge, that there was no genuine triable issue and that defendants were entitled to summary judgment.
Affirmed.

“1. Tliis unquestingably is so. The accident occurred in December of 1956 and suit was not filed until October of 1958. Tbe limitation period against the city is twelve months.