181 So.2d 19 (1965)
INDUSTRIAL MEDICINE PUBLISHING COMPANY, Inc., an Illinois corporation, Appellant,
v.
COLONIAL PRESS OF MIAMI, INC., a Florida corporation, Appellee.
No. 65-652.
District Court of Appeal of Florida. Third District.
December 7, 1965.
Rehearing Denied January 6, 1966.
*20 Brunstetter & Popper, Miami, for appellant.
Myers, Heiman & Kaplan and Allen Kornblum, Miami, for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
This cause is before us on interlocutory appeal from the chancellor's order denying defendant's motion to dismiss the "Supplemental Amended Complaint" and permitting the plaintiff, appellee, to amend the "supplemental amended complaint" by striking the word "supplemental" and adding the word "second." The order also allowed the plaintiff to amend his pleading so that it would designate the alleged contract, upon which suit was brought, as an oral contract.
The appellant contends that the pleading failed to state a cause of action because the plaintiff failed to allege the existence of a contract.
In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach. Cerniglia v. Davison Chemical Co., Fla.App. 1962, 145 So.2d 254. The pleading before us meets that test.
If a defendant has no sure knowledge of the exact oral contract which is allegedly the basis for the plaintiff's cause of action, he may file a motion for a more definite statement. Rule 1.11(e), Florida Rules of Civil Procedure, 30 F.S.A. See Patton v. Carlson, Fla.App. 1961, 132 So.2d 793.
Inasmuch as no error has been shown, the order appealed is affirmed, and the cause is remanded for further proceedings.
Affirmed.