ANDREWS, Acting Chief Judge.
Plaintiff, DeBoliac Truck Equipment Company of West Palm Beach, Inc., appeals a summary judgment for the defendant, Earl Wallace Ford, Inc., in an action brought to recover the unpaid balance due *888 on the sale and delivery by the plaintiff of six truck bodies to the defendant.
The defendant is a Ford dealer which accepted orders for sale to W. L. Brown & Co. for six heavy duty dump trucks at a base price of $15,020 each. The defendant did not have the necessary heavy duty chassis trucks and purchased the same from Austin Ford of Miami on an inter-dealer transaction at an invoice price of $10,949 each. The trucks were then equipped with special dump truck bodies which were manufactured by DeBoliac, th.e plaintiff, at an invoice price of $2,865 each. Payments were made by defendant by cash and credits leaving a balance due plaintiff of $8,987. Associated Discounts financed the equipment with the Ford Motor Company and the defendant as endorsers on the conditional sales agreement, with recourse.
Brown was not able to make the required down payment, and the defendant accepted a series of six post-dated checks, only one of which was made good. The five unpaid checks were returned to Brown.
The defendant paid Austin out of the proceeds of the loan but did not pay De-Boliac for the bodies, expecting to pay for them when the post-dated checks of Brown were collected.
The purchaser defaulted; Associated Discounts repossessed, and Ford Motor Company and the defendant paid their pro rata share of the loss realized by Associated Discounts. DeBoliac alleges that the bodies were sold to th.e defendant on open account in accordance with a previous practice over a period of a number of years and that they had no part in arranging the sale or the financing of the transaction. The defendant claims that he was only acting as agent for DeBoliac in agreeing to collect the value of the truck bodies when paid for by Brown and to remit the same when collected.
The facts as to the relationship of the parties constitute a genuine issue of mater-íal fact that makes improper the granting' of summary judgment to either party. Johnson v. Studstill, Fla. 1954, 71 So.2d 251. Hawkins v. Townsend, Fla.App.1958, 100 So.2d 89.
Accordingly, the cause is reversed with directions that the summary judgment be set aside and that the cause proceed to' trial.
WALDEN, J., and RAWLS, JOHN S., Associate Judge, concur.