REED, Judge.
This is an appeal by the plaintiff, P & T Electric Co., Inc., from a summary final judgment in favor of the defendants, Ralph Spadea, Jean Spadea, Mary Spadea and Nicholas Spadea. The plaintiff, appellant here, filed a complaint on 17 September 1965 in the Circuit Court for Broward County, Florida, against the defendants Ralph Spadea, Jean Spadea, and Mary Spadea. The complaint alleged that the plaintiff had obtained a money judgment against those defendants on 29 July 1965 in the Supreme Court of New York, County of Kings. The complaint demanded a judgment based on the New York judgment. On 20 September 1965' a similar complaint was filed by the plaintiff, P & T Electric Co., Inc., also in the Circuit Court for Broward County, Florida, against Nicholas Spadea. This complaint alleged that the plaintiff had obtained a money judgment against Nicholas Spadea in the same New York court which rendered the judgment against the other defendants. These two cases were consolidated by the lower court.
Ultimately, answers were filed by the defendants denying the essential allegations of the complaint and alleging as affirmative defenses that the New York court did not have jurisdiction over their persons and that the defendants had obtained discharges in bankruptcy from the United States District Court for the Southern District of Florida which discharged the New York judgments.
Both the plaintiff and the defendants filed a motion for summary judgment. A summary final judgment was entered by the lower court on 17 June 1968 in favor of all defendants. It is from this judgment that the plaintiff has appealed to this court, assigning as error the action of the lower court in denying the plaintiff’s motion for summary judgment and in granting the defendants’ motion for summary judgment.
Our review of the record indicates that there was no basis whatsoever upon which the lower court could have granted the plaintiff’s motion for summary judgment. The substantial issue before this court is whether or not the lower court committed error in granting the defendants’ motion for summary judgment.
The complaints established that the New York judgment against the defendant Nicholas Spadea was rendered on 27 April 1965 and the New York judgment against Ralph, Jean, and Mary Spadea was rendered on 29 July 1965. The record demonstrated — and the plaintiff’s brief concedes —that defendant Ralph Spadea was granted a discharge in bankruptcy on 5 July 1966 and that defendant Jean Spadea was granted a like discharge on 27 December 1966. The record demonstrated — and the plaintiff’s brief also concedes — that Nicholas and Mary Spadea were granted a discharge in bankruptcy on 8 January 1968. From copies of the orders of discharge in the record it appears that the proceedings in bankruptcy were commenced in the United States District Court for the Southern District of Florida well after the New York judgments were rendered.
A party moving for a summary judgment has the burden of establishing the non-existence of a triable issue of fact, and the burden of proving the existence *236 of such an issue does not shift to the opposing party until the movant has successfully met his burden. Holl v. Talcott, Fla. 1966, 191 So.2d 40, 43. When the defendants established their discharges in bankruptcy, a presumption arose that the discharges covered all debts of the defendants in existence at the time the proceedings in bankruptcy were commenced. 1 Collier on Bankruptcy, 14 Ed., Section 17.31, p. 1749; 9 Am.Jur.2d, Bankruptcy § 815; and 8B C.J.S. Bankruptcy § 586. This would include the New York judgments because they were rendered prior to the commencement of the bankruptcy proceedings. At this point the burden of going forward shifted to the plaintiff, and it was required to demonstrate that there was a genuine issue of fact as to the survival of the judgments. When the plaintiff failed to come forward with any evidence which would tend to establish the existence of any such genuine issue of fact, there was no error in the entry of the summary judgment for the defendants.
The plaintiff argues in his brief that the New York judgments were based upon fraud and were, therefore, not discharged under Section 17(a) (4) of the Bankruptcy Act (U.S.Code, Section 35) ,[1] The problem with this contention is that it is unsupported by the record. There appears in the record an affidavit by the president of the plaintiff corporation which states that the New York judgment against defendants Ralph and Jean Spadea was based on their fraudulent transfer of funds of corporations in which they were officers and fiduciaries. The allegations in the affidavit are stated to be true according to the best knowledge, information and belief of the affiant. The affidavit therefore, clearly does not comply with the requirement of Rule 1.510(e), RCP, 31 F.S.A., which demands that supporting and opposing affidavits be made on personal knowledge and set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. Consequently, the affidavit of the president of the plaintiff corporation was insufficient to create a genuine issue of fact even as to Ralph and Jean Spadea. It does not appear from the record, briefs or oral argument that the plaintiff sought leave of the lower court to amend the affidavit or sought relief- under Rule 1.510(f), RCP.
The summary judgment is affirmed.
Affirmed.
CROSS, C. J., and ADAMS, ALTO (Ret.), Associate Judge, concur.

. Section 17(a) of tlie Bankruptcy Act provides as follows: “Debts not affected by a discharge, (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; * *