ERVIN, Chief Justice
(dissenting):
I refer to the concluding paragraphs of the District Court’s opinion in this case. P & T Electric Co., Inc. v. Spadea, Fla.App., 227 So.2d 234, text 236.
It appears to me therefrom that Petitioner, P & T Electric Co., Inc., should have been given at least one opportunity in the summary judgment proceedings by the trial court, initially or by direction of the District Court, to amend the affidavit of Petitioner’s president to comply with Rule l.S 10(e), RCP, 31 F.S.A., and show on the basis of personal knowledge the New York judgments were based on fraud and accordingly were not discharged in bankruptcy. Stephens v. Dichtenmueller, Fla.1968, 216 So.2d 448. The District Court says it does not appear from the record, brief, or oral argument that Petitioner sought leave of the lower court to amend the affidavit. This is true; however, on the other hand it does not appear from the record the Petitioner was ever apprised of the nature of the insufficiency of the affidavit until the District Court rendered its decision and pointed out the insufficiency. An inspection of the record of the trial court relating to the summary proceedings does not in anywise disclose that the trial court found the affidavit insufficient for the reason assigned by the District Court. Since from the trial record it does not appear that it was brought home to petitioner by the trial court that the affidavit was insufficient *511 for the reason assigned by the District Court or that Petitioner was timely placed on notice by the trial court that an amendment of the affidavit was essential in the particulars noted until the District Court pointed it out, I believe the Stephens case applies.
In the Stephens case the petitioner (plaintiff) was placed on notice by the lower court that the affidavit there was insufficient in the summary judgment proceedings, and she sought leave to have the affidavit corrected by amendment; which leave was denied.
In this case, there is nothing in the record showing similar notice was afforded Petitioner on which a motion to amend might have been predicated. I believe the following language in the Stephens case is apposite:
“It appears to us the Petitioner under these circumstances, measured by the rationale of Holl v. Talcott [Fla., 191 So.2d 40], supra, should have been afforded, pursuant to her oral motion, at least one opportunity to amend or supplement the affidavit. Liberal treatment is the rule — and should not be the exception — under these circumstances, particularly where the petitioner is not given the benefit of the reasons for the rejection of the affidavit in the trial court’s order and an appeal thereon could not be predicated with certainty nor any opportunity to correct deficiencies in the affidavit.” (At 450, emphasis added.)
It seems to me the District Court’s decision is correct in holding the affidavit insufficient, but is incorrect in not remanding the case with direction that Petitioner be afforded one opportunity under the liberal rules appertaining to summary judgment proceedings to correct the affidavit in respect to the insufficiency found by the District Court.
ADKINS and BOYD, JJ., concur.