243 So.2d 244 (1971)
UNITED BONDING INSURANCE COMPANY, an Indiana Corporation, Appellant,
v.
DURA-STRESS, INC. and B.E. McCall Construction Co., Inc., Appellees.
No. 70-436.
District Court of Appeal of Florida, Second District.
January 20, 1971.
*245 Richard D. Stoner, of Hoffman, Hendry & Parker, Orlando, for appellant.
Robert E. Austin, Jr., of Davis, McLin, Burnsed & Austin, Leesburg, for appellee Dura-Stress, Inc.
PIERCE, Chief Judge.
United Bonding Insurance Company appeals from a summary final judgment ordering that plaintiff Dura-Stress, Inc. recover from the defendants B.E. McCall Construction Co., Inc. and United, jointly and severally the sum of $5,152.79.
Dura-Stress filed its complaint against McCall and its surety United for damages sustained as a result of a breach of a construction subcontract by McCall in failing to pay the full amount due Dura-Stress. United contends here that Dura-Stress failed to meet the burden of proof that the materials were "delivered" to the site of the bonded construction. This contention is without merit. Under the Florida Mechanics' Lien Law, "furnishing" materials to the site of the improvement contemplates and includes "delivery" of such materials. F.S. § 713.01(6) F.S.A. Dura-Stress alleged in its complaint that:
"On or about October 1, 1968, Plaintiff and Defendant McCall entered into an agreement by the terms of which Plaintiff was to furnish certain labor and material to a project referred to as Lakeside Manor Apartments, located at 2500 Lee Road, Winter Park, Florida, owned by John H. Hillebrandt and Mary A. Hillebrandt, his wife, for which Plaintiff was to have received a contract *246 price of FORTY TWO THOUSAND FIVE HUNDRED THIRTY-ONE AND NO/100 ($42,531.00) DOLLARS."
The complaint further alleged that:
"All conditions precedent of said contract and conditions precedent to bringing this action have been performed or have occurred."
United's answer admitted ownership of the Lakeside Manor Apartments by the Hillebrandts. It stated that it was without knowledge as to the remaining allegations of the complaint and generally denied them. A denial of performance or occurrence was not made specifically and with particularity.
RCP 1.120(c), 30 F.S.A., provides:
"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."
Also, in his affidavit filed in support of the motion for summary judgment, J. Ashton Gray, President of Dura-Stress, stated:
"That plaintiff has fully performed all that was required of it under its contract with defendant B.E. McCALL CONSTRUCTION CO., INC."
The performance alleged in both the complaint and the affidavit was furnishing labor and materials to the Lakeside Manor Apartments, the site of the bonded construction. The lower Court was correct in concluding that Dura-Stress met this issue by both the affidavit and the complaint.
United also attacked the supporting affidavit of Mr. Gray as being insufficient because "it nowhere states that it [the affidavit] is made of his own personal knowledge"; that it was therefore hearsay evidence not admissible in a Court of law. RCP 1.510(e), 31 F.S.A., provides that supporting and opposing affidavits shall be made on personal knowledge.
While it is true that the affidavit in question did not specifically state that it was made on personal knowledge, the facts were stated positively, and not merely as a matter of belief, or "to the best of affiant's knowledge and belief". cf. Hahn v. Frederick, Fla. 1953, 66 So.2d 823; P & T Electric Co. v. Spadea, Fla.App. 1969, 227 So.2d 234, writ discharged, Fla., 235 So.2d 510; 3 Am.Jur.2d, Affidavits, §§ 21, 22. It is generally held that when an officer of a corporation makes an affidavit in its behalf, it is not necessary that he should state the sources of his knowledge, or information and belief. 3 A.L.R. 132, 140. An officer must be possessed of the requisite knowledge, but such knowledge on his part is presumed. 2 Am.Jur.2d, Affidavits, § 5. Under F.S. § 608.40, F.S.A. the president of a Florida corporation is required to be a director. The directors of a corporation are chargeable with knowledge of corporate affairs, as it is their duty by proper diligence to keep informed of facts which the corporate books and records disclose. Redstone v. Redstone Lumber & Supply Co., 1931, 101 Fla. 226, 133 So. 882. Mr. Gray's affidavit complies with the essential requirements of RCP 1.510(e).
United urges that the lower Court erred in concluding that the terms of the contract between Dura-Stress and McCall were immaterial, citing Patton v. Carlson, Fla.App. 1961, 132 So.2d 793, as authority. But in Patton, defendants filed a motion for a more definite statement of the contract sued upon, which was not done in the case sub judice.
We think that the complaint, the pertinent part of which is quoted above, sufficiently sets forth the material terms of the contract in compliance with RCP 1.130.
The judgment appealed is therefore
Affirmed.
HOBSON and MANN, JJ., concur.