PER CURIAM.
Defendant-appellant seeks review of a summary judgment entered in favor of plainti f f-appellee.
Plaintiff, E. D. Green Corporation, a distributor of equipment manufactured by Ingersoll-Rand Company, sold two (2) compressors to Continental Can Company. Defendant, Beverage Canners, Inc., is a customer of Continental which designed the physical layout of defendant’s plant and machinery. Beverage Canners purchased from Continental Can the two compressors which plaintiff Green Corporation previously had sold to Continental. Green delivered the equipment along with the manufacturer’s warranty to defendant’s plant and defendant’s employees installed the compressors which then were put into operation. Several months later one of the compressors blew up. Defendant called plaintiff to repair the compressor which was shipped to plaintiff’s Atlanta premises, repaired, and returned to defendant. Green billed Beverage Canners for the repairs and parts. Defendant refused to pay and plaintiff filed suit in the Civil Court of Record to recover damages based on the cost of repairs and parts. Defendant generally denied the allegations of the complaint, affirmatively alleged set-off, filed a counterclaim against plaintiff and a third party complaint against Ingersoll-Rand for negligence and breach of warranty and demanded a jury trial. The cause was removed to Circuit Court. Plaintiff Green moved for summary judgment. An opposing affidavit was filed by I. J. Wollowick, President of Beverage Canners, Inc. The court granted summary judgment on plaintiffs’ complaint and against defendant on the counterclaim. The issues raised against Ingersoll-Rand are not the subject of this appeal.
Defendant-appellant, Beverage Canners, Inc., contends that it was error to enter summary judgment.
It is elementary that a trial judge has the power to decide the question of law on a motion for summary judgment where basic facts are clear and undisputed. Duprey v. United Services Automobile Association, Fla.App.1971, 254 So.2d 57; Richmond v. Florida Power & Light Company, Fla.1952, 58 So.2d 687. In the case sub judice, the record does not establish the existence of a genuine issue of a material fact. Plaintiff, E. D. Green Corporation, acted only in the capacity of selling the equipment to Continental Can Company which in turn sold it to defendant Beverage Canners, Inc. Beverage Canners, Inc. installed and assembled the equipment with its own employees. Thus, plaintiff was entitled to his summary judgment.
We are not ignoring the fact that defendant in its answer generally denied the *241 allegations of the complaint and filed an opposing affidavit to plaintiff’s motion for summary judgment. However, mere contrary allegations are not sufficient to preclude a summary judgment. Lanzner v. City of North Miami Beach, Fla.App.1962, 141 So.2d 626. This court also has held that an affidavit of a defendant denying liability as a conclusion of law is insufficient to raise a genuine issue as to material fact and where defendant’s answer has no more, summary judgment is properly entered against defendant. Sherman v. Weintraub, Fla.App.1961, 132 So.2d 421.
In addition, a search of the record reveals that defendant’s opposing affidavit was not based upon personal knowledge as required by RCP 1.510(e), 31 F.S.A. See also P & T Electric Company v. Spadea, Fla.App.1969, 227 So.2d 234; Orthwein v. Cobbs Fruit & Preserving Company, Fla.App.1969, 229 So.2d 607.
For the reasons herein stated, the judgment of the lower court must be and hereby is affirmed.
Affirmed.