291 So.2d 193 (1974)
BEVERAGE CANNERS, INC., Petitioners,
v.
E.D. GREEN CORPORATION and Ingersoll-Rand Company, Respondents.
No. 43844.
Supreme Court of Florida.
February 13, 1974.
Daniel Neal Heller of Heller & Kaplan, Miami, for petitioners.
Arnold D. Schatzman of Friedman, Britton & Stettin, Miami, for respondent E.D. Green Corp.
ERVIN, Justice.
We consider petition for writ of conflict certiorari to review the decision of the District Court of Appeal, Third District, in the case of Beverage Canners, Inc., v. E.D. Green Corporation, et al. (1973) 276 So.2d 239.
Respondent, E.D. Green Corporation, is a distributor of industrial air compressors. Petitioner, Beverage Canners, Inc., is in the business of canning carbonated soft drinks and uses air compressors as part of its operation. Continental Can Co. ("Continental") sells cans to petitioner and, as a customer service, provides it with technical assistance in laying out its operation and designing its machinery.
Petitioner sought to increase its canning capacity. It alleges that it had Continental, acting as its agent, purchase two air compressors from respondent upon the latter's recommendation that the compressors were needed for the expanded production. On the contrary, respondent alleges that it sold and billed the two air compressors to Continental and that Continental later sold the compressors to petitioner.
Respondent delivered the machines to petitioner and petitioner's employees installed them. Two months later one of the machines blew up, and it was moved to respondent's premises and repaired. Petitioner refused to pay the repair costs, based on a warranty theory, and respondent sued. Petitioner denied the allegations *194 of the complaint and filed a counterclaim against respondent for negligence and breach of warranty.
Respondent, claiming that a warranty did not run to petitioner because respondent had sold the equipment to Continental and was not in privity with petitioner, moved for a summary judgment. Petitioner, claiming that Continental acted as its agent in the purchase, filed an opposing affidavit by its president, which affidavit stated, inter alia: "Continental Can Company was the agent for Beverage Canners in that transaction."
The trial court entered summary judgment for respondent. On appeal the Third District Court affirmed in its decision reported in 276 So.2d 239. It said in part:
"In the case sub judice, the record does not establish the existence of a genuine issue of a material fact. Plaintiff [respondent], E.D. Green Corporation, acted only in the capacity of selling the equipment to Continental Can Company who in turn sold it to defendant [petitioner] Beverage Canners, Inc. Beverage Canners, Inc. installed and assembled the equipment with its own employees. Thus, plaintiff was entitled to summary judgment." Text 240.
The District Court also stated that notwithstanding petitioner denied the allegations of the complaint and filed an opposing affidavit, "mere contrary allegations are not sufficient to preclude a summary judgment." And that:
"In addition, a search of the record reveals that defendant's opposing affidavit was not based upon personal knowledge as required by RCP 1.510(3), 31 F.S.A."
The petitioner contends the District Court decision conflicts with Hawkins v. Townsend, 100 So.2d 89 (Fla.App. 1958); United Bonding Insurance Co. v. Dura-Stress, Inc., 243 So.2d 244 (Fla.App. 1971).
Research discloses United Bonding was also an appeal from a summary judgment and concerned a breach of a construction subcontract. The corporation moving for summary judgment filed an affidavit by its president stating:
"That plaintiff has fully performed all that was required of it under its contract with defendant."
This affidavit was attacked as being insufficient because "it nowhere states that it ... is made of his [president's] own personal knowledge... . RCP 1.510(e), 31 F.S.A."
The Second District Court of Appeal rejected this contention:
"It is generally held that when an officer of a corporation makes an affidavit in its behalf, it is not necessary that he should state the sources of his knowledge, or information or belief. 3 A.L.R. 132, 140. An officer must be possessed of (such) knowledge, but such knowledge on his part is presumed... [T]he president of a Florida corporation is required to be a director. The directors of a corporation are chargeable with knowledge of corporate affairs... ." Supra at 246.
Hawkins involved a question of agency in a summary judgment granted on plaintiff's motion. The defendant had filed opposing affidavits and swore:
"... that Gene E. Hawkins at no time purchased any cattle from plaintiff as the agent of defendant." Supra at 90.
The Hawkins court stated that Rule 1.36 (presently 1.510), F.R.C.P., 31 F.S.A. allows for entry of a summary judgment:
"`if the pleadings, depositions [answers to interrogatories] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'
"In the instant case delivery and agency were certainly material facts, and the affidavits *195 mentioned showed there was a genuine issue as to these material facts." Supra at 90.
It appears to us that the affidavit of petitioner's president was sufficient to raise a genuine issue of fact for the jury. The rationale of the decisions cited for conflict appears to be more logical and reasonable than the conclusion reached by the Third District Court. A corporate officer's affidavit should suffice to present a genuine issue of fact under circumstances of the kind here appearing.
The decision of the District Court is quashed with direction that the case be remanded for a jury trial.
It is so ordered.
CARLTON, C.J., and McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.