307 So.2d 463 (1975)
Phillip FREDERICKS and the Monroe Education Association, Appellants,
v.
The SCHOOL BOARD OF MONROE COUNTY, Florida, and Armando Henriquez, Appellees.
No. 74-1182.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Law Offices of Richard H. Frank and Ronald G. Meyer and Stanley E. Marable, Tampa, for appellants.
Harris, Albury & Morgan, Key West, Muller & Mintz, Miami, and James Hartl, Holiday, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal from an order of the circuit court denying the motion of the plaintiffs, Phillip Fredericks and The Monroe Education Association, for entry of a partial summary judgment and dismissing Count II of the complaint based upon an asserted lack of standing of the plaintiff, The Monroe Education Association.
The complaint seeks to compel the appellee, The School Board of Monroe County, Florida, to exhaust the grievance procedure it adopted and to submit Fredericks' grievance to an advisory arbitrator. Both Fredericks and The Monroe Education Association *464 moved for partial summary judgment on the question of entitlement to arbitration. The court asserted that The Monroe Education Association lacks standing to seek enforcement of the grievance procedure on behalf of Fredericks, dismissed that portion of the complaint seeking such relief and declined to grant relief to the individual plaintiff.
Fredericks has been employed as a teacher in the Monroe County school system for two years. He is classified a probationary teacher since his contract is non-continuing in nature, and he must be reappointed each year. On June 7, 1973, Fredericks and The Monroe Education Association, acting on his behalf, initiated a formal written grievance stemming from notice that his contract would not be renewed.
The District School Board of Monroe County has a five-level grievance procedure, the fifth and final administrative level of which is arbitration. Fredericks proceeded through the first four steps, all resulting in adverse decisions. The Board then denied Fredericks arbitration, whereupon he and The Monroe Education Association initiated the instant litigation to compel arbitration.
The appellants contend that the court erred in not granting the partial summary judgment because there is no genuine issue of material fact as to Fredericks' entitlement to arbitration as a part of the grievance procedure, and further that the court erred in dismissing Count II because The Monroe Education Association does have standing to represent Fredericks in this litigation.
The appellee contends that there are material issues of fact as to Fredericks' entitlement to arbitration, such as his status as a non-tenured teacher and his alleged failure to comply with time limits, and that dismissal of Count II was proper because The Monroe Education Association has no standing due to an absence of any indication that Fredericks is even a member.
The record on appeal reflects that the District School Board of Monroe County, has published its prescribed grievance procedure in printed form, setting out specifically the purpose,[1] definitions,[2] policies,[3] informal procedure and formal procedure.[4]
*465 We first approach the question of whether it was error to deny partial summary judgment in favor of Fredericks as to his entitlement to be accorded the entire grievance procedure, including arbitration, the fifth level. The appellee's arguments that (1) the plaintiffs have not alleged that Fredericks is a member of the Association and that (2) Fredericks failed to timely comply with procedural requirements, are without merit. It is clear from the very adoption of the grievance procedure itself, and from the fact that Fredericks was granted the first four procedural steps, that he is entitled to the fifth, i.e., arbitration, as well.
As a public agency, the School Board is bound to fully comply with its own rules and policies. See Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012, wherein the late Mr. Justice Frankfurter, in discussing the attempted dismissal of an employee of a governmental agency, states that administrative procedures are to be "scrupulously observed." Fredericks' grievance was processed through the first four levels, a fortiori, his right to invoke the fifth level is without question. Having invoked the grievance procedure, both parties are obligated to exhaust it. See Merkle v. Rice Construction Company, Fla.App. 1973, 271 So.2d 220. The court should have determined as a matter of law that Fredericks was entitled to invoke level five of the grievance procedure. "It is elementary that a trial judge has the power to decide the question of law on a motion for summary judgment where basic facts are clear and undisputed." Beverage Canners, Inc. v. E.D. Green Corporation, Fla.App. 1973, 276 So.2d 239, 240.
We next approach the question of whether The Monroe Education Association has standing to file and participate as a party-plaintiff to this litigation. There is no doubt that the Association may assist by providing legal reperesentation and representing Fredericks at and during the administrative levels of the grievance procedure. However, there is also authority for the proposition that labor organizations do have standing to seek the enforcement of rights conferred upon employees by reason of their employment relationship, by bringing suit on behalf of their members. Cannery, Citrus, Drivers, Warehousemen and Allied Employees of Local 444 v. Winter Haven Hospital, Inc., Fla. 1973, 279 So.2d 23. We find from careful review of the pleadings, the record and the District School Board of Monroe County Grievance Procedure that the Monroe Education Association had standing to bring suit on behalf of Fredericks, and, therefore, it was reversible error for the court to dismiss Count II of the complaint.
For the reasons stated and upon the authorities cited, we reverse and remand to the trial court with directions to reinstate Count II of the complaint, and to grant partial summary judgment as to the issue of entitlement to arbitration.
Reversed and remanded.
NOTES
[1] SCHOOL BOARD OF MONROE COUNTY GRIEVANCE PROCEDURE
I. Purpose:
The purpose of this procedure is to secure, at the lowest possible administrative level, equitable solutions to the problems which may arise affecting the welfare or working conditions of educators. The proceedings will be kept as informal and confidential as appropriate at any level of this procedure."
[2] "II. Definitions:

1. The `Board' is the District School Board of Monroe County.
2. The `parties at interest' are those persons making the claim and those persons who might be required to take action or against whom action might be taken in order to resolve the claim.
3. The `Association' is the Monroe Education Association.
4. A `grievance' is a claim based upon an event or condition which affects the welfare and/or terms and conditions of employment of an educator or group of educators and/or the interpretation, meaning or application of any of the provisions of Board Policy.
5. `Days' shall mean regular working days within the twelve month school calendar and when all parties at interest are available."
[3] III. Policies:

A. Failure to follow the grievance procedures outlined herein, may result in the Association filing formal charges with the Professional Practices Commission.
B. Assistance in following this procedure will be available to all instructional employees of the District School Board of Monroe County.
C. In the event that the Grievance Committee shall not have elected to submit a grievance, the aggrieved may submit his grievance independently by following the procedures outlined herein, however, the Grievance Committee shall have the right to be present and to state its views at all stages of the procedure... ."
[4] "V. Formal Grievance Procedure ...

E. Level Five  Arbitration ...
E. (sic) Level Six  Judicial Action
In the event that the grievance is not satisfactorily resolved after presentation to the Board, the Grievance Committee may recommend to the Executive Board of the Association that legal action be pursued."