PER CURIAM.
The appellant was plaintiff in the trial court and sought recovery for alleged sums due for services as a real estate broker. The plaintiff moved for summary judgment and received a summary judgment as to Count II of the complaint against one of the defendants, and the court granted a summary judgment in favor of the other defendant as to Count II. The court also granted the defendants a summary judgment on Counts I and III of the complaint. This appeal ensued.
*648 The plaintiff now contends the trial judge erred in entering the summary judgment for the defendants on Counts I and III and, further, that he erred in not holding the defendant Morgan liable on the judgment as rendered in her favor.
We have reviewed the record and approve of the action of the trial judge. The material facts were undisputed; therefore, it was appropriate for the trial judge to enter the summary judgments as to Counts I and III, as well as hold the defendant Cooper liable as to Count II. Keller v. Penovich, Fla.App.1972, 262 So.2d 243; Beverage Canners, Inc. v. E. D. Green Corporation, Fla.App.1973, 276 So.2d 239; Fredericks v. School Board of Monroe County, Fla.App.1975, 307 So.2d 463; § 925.01, Fla.Stat. The trial court erred as to the defendant Morgan. He should also be liable under Count II and we reverse the judgment in his favor, and direct the trial court to enter a judgment against the defendant Morgan in favor of the plaintiff as to Count II and, if necessary, modify the judgment against Morgan so that both will be liable, jointly and severally, to the plaintiff.
Affirmed in part, reversed in part, with directions.