370 So.2d 825 (1979)
CENTURY CONSTRUCTION CORPORATION, a Florida Corporation, Appellant,
v.
CENTRAL TELEPHONE COMPANY OF FLORIDA, a Florida Corporation, Appellee.
No. LL-395.
District Court of Appeal of Florida, First District.
May 4, 1979.
Rehearing Denied June 1, 1979.
M. Stephen Turner of Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, for appellant.
James D. Beasley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
*826 PER CURIAM.
Appellant, Century Construction Corporation (Century) appeals a final judgment rendered by the Circuit Court of the Second Judicial Circuit in and for Leon County, Charles E. Miner, Jr., Judge, in favor of Appellee, Central Telephone Company of Florida (Centel), finding that Century was liable to Centel for costs incurred by the latter in performing the re-location of certain above ground telephone facilities owned by Centel, in the sum of $4,814.65, together with an attorney's fee of $500.00 awarded in accordance with a stipulation entered into by the parties prior to trial below.
We affirm, and in so doing agree with the findings of law and fact made by the trial court in the partial summary judgment and final judgment entered herein. Appellant has made a part of the record herein memoranda submitted by it to the trial court below. It is evident that the trial court in rendering the judgments below considered the authorities cited by appellant in such memoranda, and the reasoning put forth by it in support of its position with respect to the issues raised by the pleadings, and that the trial court rejected such. We hold that he did not err in so doing.
The appellant in its briefs and oral argument presented to this court, in addition to the authorities presented to the trial court below, the New Jersey case of Fellowship Bank v. Public Service Electric and Gas Company, 158 N.J. Super. 107, 385 A.2d 887 (1978). Reliance upon that case is ill-placed. In that case liability was placed upon the utility to relocate at its own expense utility poles required to be moved in a road widening project because the County Planning Board had implemented a police power decision to widen the right-of-way of the road there involved. There the relocation resulted from the exercise of the police power for the benefit of the general public. But in the case at bar no public entity elected to construct the extension of Timberlane Road across Meridian Road. The decision was made by Century in order to have access to a new subdivision proposed by it. No where in the record herein is a finding that Timberlane Road ever would have been extended across Meridian Road by any public body. Furthermore, appellant can take no solace by virtue of the provisions of Chapter 338.19 (1977). That statute by its own terms applies only to circumstances where a public body or authority elects to take action requiring utility facilities relocation. Here, the decision was that of a private developer made for its private benefit.
In accordance with the terms of a pretrial stipulation made by the parties to the effect that the loser of this litigation would pay to the winner certain amounts, both at the trial and appellate levels, to be applied on account of attorneys fees incurred by such winner, an appellate attorney's fee of $1,000.00 is awarded appellee herein.
Affirmed.
MILLS, Acting C.J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.