BERANEK, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.130(a)(5), plaintiff appeals from an order setting aside a final judgment. We reverse.
Plaintiff filed suit against H. William Schilling, d/b/a Boca Bags and Feminine Touch. The suit alleged plaintiff’s delivery of certain merchandise to defendant’s business for which payment had not been made. Personal service was effected on H. William Schilling, but no responsive pleadings were filed and a default and subsequent final judgment were entered. The judgment, which was based upon sworn proof as to the unpaid for merchandise, was entered on August 3, 1979. On September 14, 1979, defendant filed a motion to vacate the judgment pursuant to Florida Rule of Civil Procedure 1.540(b). This motion recited that defendant Schilling was not connected with the entities Boca Bags and Feminine Touch as an individual, but was instead doing business under these names as fictitious names for the Cove Patio Corporation, of which defendant was president. The motion further stated that Schilling had advised plaintiff’s counsel that the proper defendant to the suit was the Cove Patio Corporation and that settlement of the case would be made upon a showing of signed purchase orders. The motion asserted that plaintiff’s counsel had negotiated with Mr. Schilling in such a fashion as to mislead him into believing that settlement would be made and a default would not be entered.
An evidentiary hearing was held on the motion to vacate and, by order of October 30, 1979, the motion was granted. The court found that the defendant, Schilling, had not been misled by any statement or action of counsel for plaintiff so as to constitute grounds for relief under Florida Rule of Civil Procedure 1.540(b). Despite this ruling, the court concluded that there was a substantial question as to the proper party defendant, that is, whether the defendant should have been Mr. Schilling, individually, or the Cove Patio Corporation. The court concluded that the entry of a judgment “against the wrong party defendant would constitute a mistake under Florida Rule of Civil Procedure 1.540(b)” and, on this basis, vacated the judgment.
The law is clearly established that a motion to vacate a default judgment should be granted only upon a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules of procedure. Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967). Both elements are essential. Chaney v. Headley, 90 So.2d 297 (Fla.1956).
We conclude that the trial court erred herein because defendant failed to demonstrate any legal excuse in the nature of excusable neglect, mistake, or inadvertence for the failure to file responsive pleadings. The court expressly found against the defendant on the allegation that defendant had been misled by the actions of plaintiff’s counsel. In the face of this finding, the motion to vacate was totally deficient as to the element of an excuse for failure to file a responsive pleading.
The order setting aside the final judgment below is hereby reversed and the matter remanded to the trial court with instructions to reinstate the judgment.
REVERSED AND REMANDED.
LETTS, C. J., and MOORE, J., concur.