421 So.2d 817 (1982)
Mary HALL, Appellant,
v.
Eleanore Florence BYINGTON and Rinker Materials Corporation, Appellees.
No. 82-564.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
Larry M. Mesches of Altman, Colin & Friedland, Lake Worth, for appellant.
Jerry Oxner, West Palm Beach, for appellee, Byington.
GLICKSTEIN, Judge.
This is an appeal from an order which set aside a default final judgment. We reverse and remand.
We start with the premise that in order to vacate the default judgment, it was incumbent upon appellee to establish both excusable neglect by her lawyer and a meritorious defense to appellant's complaint. Bags By Ande, Inc. v. Schilling, 406 So.2d 536 (Fla. 4th DCA 1981).
The former must be established by a sworn pleading which states a legal excuse for failure to comply with the rules of procedure or by testimony under oath in support of an unsworn motion. Flynt v. Flynt, 336 So.2d 690 (Fla. 4th DCA 1976); Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla. 4th DCA 1980), Hersey, J. concurring specially; B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). The latter must be established by ultimate facts alleged most appropriately in a proposed answer, Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979) cert. denied, 389 So.2d 1116 (Fla. 1980), but may also be done by affidavit. Pedro Realty, Inc. v. Silva, 399 So.2d 367 (Fla. 3d DCA 1981).
*818 The alleged excusable neglect in this case was the placing by the attorney on his diary of the incorrect date for the filing of the answer to the original complaint, there also having been filed an interpleader complaint to be answered on a later date. A lawyer's failure to note a date properly on his calendar has been recognized as excusable neglect. Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA 1966). However, there is neither a sworn motion in the record nor any testimony of the lawyer in this case attesting to that fact. The trial judge mistakenly believed the motion to be sworn, but on close examination of the lawyer's oath, one sees the allegations were "true and correct to the best of his knowledge and belief." Such a statement was insufficient because it is qualified, not positive. Hahn v. Frederick, 66 So.2d 823 (Fla. 1953); P & T Electric Co. v. Spadea, 227 So.2d 234 (Fla. 4th DCA 1969); United Bonding Insurance Co. v. Dura-Stress, Inc., 243 So.2d 244 (Fla. 2d DCA 1971).
As for the meritorious defense, although appellant has not favored us with a copy of the belated answer and cross-claim, appellee's affidavit shows that she and appellant are both claiming to be the wife of the deceased and, therefore, the proper person to receive the funds originated by the decedent in the interpleader's profit-sharing retirement plan. Thus, a meritorious defense has apparently been alleged.
Because of the trial judge's mistaken belief that the lawyer's deficient motion was sworn, the deficiency in this case was not corrected at the trial level. On remand, the lawyer should be required to establish his excusable neglect under oath to the satisfaction of the trial judge.
BERANEK and WALDEN, JJ., concur.