## SEVIGNY v COTE

### Case No. 87-113 AP (County Court Case No. 85-8143SP23)

Eleventh Judicial Circuit, Appellate Division, Dade County

October 26, 1987

### APPEARANCES OF COUNSEL

**Steven M. Roth** for appellant.

**Charles Mark Demos** for appellee.

Before SALMON, SHAPIRO, GREENBAUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant took this appeal from an order entered by the lower Court which order vacated a default and final judgment entered in her favor. For the reasons set forth herein, we reverse.

Appellee instituted this action in County Court. Appellant answered and counterclaimed. When the case came on for trial, Appellee failed to appear. The trial court dismissed the complaint and after receiving

testimony, entered Final Judgment in favor of Appellant on her counterclaim.

Some seven months later, Appellee filed a verified motion to set aside default. The matter was heard by the court and the motion granted. This appeal ensued from that Order.

Though Appellant raises several points, we need only consider one. The verified motion to set aside default contains the following acknowledgement: "Before me, personally appeared Donat Cote, and upon oath deposes and says that he read the foregoing motion to set aside default and finds it is true to the basis of his knowledge and belief[.]" This acknowledgement is insufficient on its face.

In *Hall v. Byington,* 421 So.2d 817 (Fla. 4th DCA 1982), the Court reversed the action of the trial Judge who "mistakenly" believed the motion to vacate to be sworn. The oath indicated that the allegations were "[T]rue and correct to the best of his knowledge and belief". Such a statement is insufficient because it is qualified and not positive. *Hahn v. Frederick,* 66 So.2d 823 (Fla. 1953); *P & T Electric Co. v. Spadea,* 227 So.2d 234 (Fla. 4th DCA 1969); *United Bonding Insurance Co. v. Dura-Stress, Inc.,* 243 So.2d 244 (Fla.2d DCA 1971).

Because of the foregoing impropriety, we find the action of the lower Court in vacating the final judgment and default to be in error. Accordingly, this matter is reversed, the final judgment for Appellant is reinstated and the dismissal of the original claim is affirmed.

Reversed and remanded.