GLICKSTEIN, Judge,
concurring specially.
Appellant had the burden of presenting evidence under oath or by stipulated fact to *405 establish excusable neglect but failed to do so. Hence, there was nothing upon which the court could conclude excusable neglect. See Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982).
Nevertheless, as Judge Garrett has wisely suggested at conference, there should be a distinction between punishing the client for his omission and punishing the client for his lawyer’s omission. In the absence of prejudice to the other party by that omission, the lawyer’s omission should result in sanctions' to him or her, not the client. Sanctioning the lawyer here, not dismissing the amended complaint — given the absence of any showing of prejudice to the estate — would have been appropriate; and I would reverse and remand for an evidentiary hearing to determine the sanction against the lawyer and with direction to allow the amended pleading to be filed. Appellant’s claim should be heard on the merits.
I realize there is a tension between our rules and orders and lawyers who do not comply with them. Sanctions are a healthy remedy in the absence of negligence or active participation by the client and the absence of proof of prejudice to the other party. Were prejudice shown to the other party here, I would have opted to affirm.