GLICKSTEIN, Judge.
This is an appeal by a defendant/developer from a partial summary judgment on the issue of liability in favor of a plaintiff/utility *505 in a dispute between the two over the cost of relocating utilities occasioned by the widening of Lyons Road[1] in Palm Beach County. We affirm.
Sections 125.42 and 337.403, Florida Statutes (1989), provide, in essence, that when road widening takes place, the utility — -not the public body — is to bear the cost of relocation. However, the dispute here is not between the county and the utility.
To us, the issue is the same as perceived by our companion court in Century Construction Corp. v. Central Telephone Co., 370 So.2d 825 (Fla. 1st DCA 1979); namely, whether the decision to make the improvement — there an extension rather than a widening — was the developer’s or the county’s. It held that one of the above statute’s predecessors, section 338.19, Florida Statutes (1977), “applies only to circumstances where a public body or authority elects to take action requiring utilities facilities relocation.” Id. at 826.
There, as here, the appeal was from a partial summary judgment in favor of the utility, the court concluding that no public authority made the election to extend the subject road. Instead, the decision to extend was made by the developer “for its private benefit.” Id. at 826.
Other than expansion versus extension, there is no relevant difference, factually or legally, between Century and the present case. In 1987, Palm Beach County permitted the Planned Unit Development (PUD) here on the condition that Oriole’s predecessors in interest would agree to acquire and convey, design and construct Lyons Road north of Lake Worth Road. Construction had to be completed to the PUD’s western entrance on Lyons Road, as extended, with completed design up to the PUD’s northern boundary at Canal L-ll.
We believe the efforts of the parties to include in the record plans or the absence thereof for further northward extension beyond that expressly recited in the county’s 1987 approval may have been occasioned, in part, by the following language in Century:
No where in the record herein is a finding that Timberland Road ever would have been extended across Meridian Road by any public body.
Our decision is based upon what was caused by the PUD’s approval in 1987.[2]
FARMER and STEVENSON, JJ., concur.

. This case is a footnote in the northward extension of Lyons Road, long familiar to many Bro-ward County residents, and now to more and more residents of Palm Beach County. The road is described, truly or apocryphally, in the record as a "developer’s road,” which we understand to mean by the individual discussing the road that everytime a frog like jump northward may have been made by a developer for a proposed development, Lyons Road similarly has leapt northward a little further. What solely concerns us here is what occasioned the leap in question.
By the late 1980's, as shown in the record, a dirt road known as Jubilee Road, located west of the Florida Turnpike, was to become an extension of Lyons Road north of Lake Worth Road solely because the developers, Groteton, N.V., Inc., and Genaro R. Garcia, obtained county approval in March, 1987, to develop 149.925 acres north of the latter and east of the former.

. Each of two affidavits filed by appellants recited that they were "true and correct to the best of his knowledge,” rather than true — period. One affidavit recited that the individual making the affidavit "(did) (did not) take an oath”; and the other recited that the individual "(did) (did not) take an oath.” Hall v. Byington, 421 So.2d 817, 818 (Fla. 4th DCA 1982), and the cases cited therein, discuss affidavits. The form in this case did not affect the result here or in the trial court.