ORFINGER, Judge.
This is a wrongful death action in which appellant, as personal representative of her deceased son’s estate, sought damages from appellee, Herndon Ambulance Service, Inc., alleging that the negligence of Herndon’s employees caused or contributed to her son’s death. The trial court entered a partial summary judgment in favor of Herndon, but permitted appellant to amend. After dismissal of her fourth amended complaint, appellant declined to plead further and a final judgment was entered in Herndon’s favor. Plaintiff appeals and we reverse.
Appellant contends that the trial court should not have entered a partial summary judgment in Herndon’s favor, should not have stricken an allegation of her complaint which alleged in substance that Herndon’s equipment was in a defective condition and that the court should not have dismissed her fourth amended complaint. We note at the outset that in moving for a summary judgment, the burden is on the moving party to conclusively show the nonexistence of a genuine issue of material fact, which proof must be such as to overcome all reasonable inferences which may be drawn in favor of the non-moving party. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Any question as to the existence or non-existence of a genuine issue of material fact requires that the doubt be resolved in favor of the non-moving party. Jones v. Stoutenburgh, 91 So.2d 299 (Fla.1956). No citation of authority is required for the basic principle that in considering a motion to dismiss, the trial court must assume that all well pleaded allegations of the complaint are true. In the light of these standards, we review the orders appealed from.
The appellant seeks damages for the death of her 16 year old son which she says resulted from appellee’s negligence. The pleadings and the evidence before the court at the summary judgment hearing, viewed in the light most favorable to appellant, reveal the facts summarized herein. On September 22, 1982, Milton M. “Tommy” Thomas, a 16 year old student at Wildwood High School was participating in his physical education class when he suddenly experienced convulsions, anoxia, fibrillation and cardiac arrest and was in need of prompt emergency medical care and speedy transportation to a hospital. The coaches in attendance cleared Tommy’s air passage and began to administer mouth-to-mouth resuscitation.
Herndon Ambulance Service, Inc. (Hern-don) had an exclusive franchise to render ambulance service within Sumter County. Among other things, the contract between Herndon and Sumter County required that Herndon render “high quality emergency medical services and ambulance services ...” to the residents of the county. Hern-don held itself out to the residents of the county, including plaintiff, as a provider of skilled emergency care and treatment, with adequate facilities, equipment and personnel, particularly in life-threatening emergencies, and as a provider of emergency transportation to nearby hospitals in adjoining counties (there being no hospital facility in Sumter County).
It was further alleged that Herndon had a duty to plaintiff and others similarly situated to provide personnel knowledgeable in the identification and classification of emergency situations and adequate equipment; *1321 that because there was no medical facility in the county, Herndon knew that great distances would have to be traversed before an emergency patient could be delivered to the nearest hospital, and that it knew or should have known that certain emergencies required the use of Advanced Life Support systems (ALS) to sustain patients during certain emergencies pending transportation to a hospital. The complaint alleges that Herndon’s ambulances were equipped only with a basic life support system (BLS) notwithstanding the foreseeability that conditions such as Tommy faced would result in death unless ALS could be provided within 30-35 minutes of the onset of the condition.
It is alleged and testimony supported the allegation that a call was made for the ambulance within two to four minutes of the onset of symptoms; that the Herndon personnel were incompetent and ill trained; did not recognize the life threatening implications of the call, and dispatched an ambulance which would take approximately 55 minutes to get Tommy to a facility with advanced life support, despite the fact that the Leesburg Fire Department had ALS available, was 10 minutes away, and would have responded; that failure to call Lees-burg was in violation of its own Operating Procedures Manual which requires that in life threatening emergencies, “the nearest ambulance and/or available service will be dispatched.” It was also alleged, and there is evidence to support this allegation, that when the Herndon ambulance finally arrived, the attendants were negligent in administering aid by failing to supply oxygen and by cutting off decedent’s airway, and that Herndon had failed to maintain its equipment in operable condition so that the ambulance broke down and wouldn’t run, requiring further delay in transferring Tommy to Herndon’s other ambulance.
The pleading then alleges in detail that the negligence of defendant in failing to have the proper equipment to meet the emergency needs of Tommy, in failing to dispatch the nearest ambulance, in failing to have properly trained emergency personnel, in failing to properly administer oxygen, CPR or other life support systems caused or contributed to causing Tommy’s death. There is medical testimony in the record, although disputed, that prompt emergency administration of advanced life support care would have given Tommy a reasonable chance for survival; that even if the ambulance did not have ALS, administering oxygen would have prolonged the time within which administering advanced life support care would give Tommy a reasonable chance for survival, and that when Herndon’s attendant improperly inserted an esophagial device and cut off Tommy’s oxygen intake, “such negligence probably led directly to his death.” There is much more evidence in the record tending to support plaintiff’s allegations that Herndon’s employees were improperly trained, negligently failed to comprehend the severity of the emergency situation and negligently performed their duties when they finally arrived on the scene.
Nothing is to be gained by unduly lengthening this opinion, but it should be said that the allegations and the supporting evidence are sufficient to create issues to be tried. Having undertaken to perform a duty to those who called upon it for emergency care, it was Herndon’s obligation to perform this duty in a non-negligent manner. See City of Hialeah v. Weatherford, 466 So.2d 1127 (Fla.3d DCA 1985); Bess Ambulance, Inc. v. Boll, 208 So.2d 308 (Fla.3d DCA 1968). The allegations of the complaint and the supporting evidence are sufficient to show the duty, the breach of the duty and the damages resulting from that breach. The allegation of negligent maintenance of its equipment should not have been stricken because it goes to the issue of proximate cause, which should be resolved by the trier of fact. Leib v. City of Tampa, 326 So.2d 52 (Fla.2d DCA 1976). Herndon did not meet its obligation of showing conclusively the non-existence of a genuine issue of material fact when it secured the entry of a partial summary judgment because there is an evidentiary basis in the record to support plaintiff’s contentions. The question of negligence should thus be resolved by a jury. Farrey v. Bettendorf, 96 So.2d 889 (Fla.1957).
*1322 The orders dismissing the fourth amended complaint with prejudice, striking paragraph 30(a), and entering partial summary-judgment for defendant are reversed, and the cause is remanded for further proceedings, which we direct to be conducted before another judge of the Fifth Judicial Circuit. See Rankin v. Edwards, 467 So.2d 820 (Fla. 5th DCA 1985).
REVERSED and REMANDED.
DAUKSCH, J., and KIRKWOOD, L.R., Associate Judge, concur.