528 So.2d 965 (1988)
Horst Anton PAWLIK and Maria Anna Pawlik, Appellants,
v.
BARNETT BANK OF COLUMBIA COUNTY, Appellee.
Nos. 87-01345, 87-02052.
District Court of Appeal of Florida, First District.
July 19, 1988.
*966 Sheree H. Lancaster of Burt & Lancaster, Trenton, for appellants.
Ronald H. Cole of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellee.
BOOTH, Judge.
This cause is before us on appeal of a summary final judgment foreclosing a promissory note and security agreements held by appellee, and ruling against appellants on their counterclaims. The record reflects that appellants were dairy farmers and maintained a long-standing banking and loan relationship with appellee. In 1984, appellee required appellants to assign all the proceeds from their milk sales to an "income account" operated solely by appellee. In December 1985, appellants executed a "Master Renewal Commercial Promissory Note" which refinanced existing loans. They contemporaneously executed security agreements and Uniform Commercial Code finance statements for personal property securing the loan. Although only the bank could disburse from the income account, a second "dairy account" also existed. This account was appellants' personal checking account, and they had control over all disbursements. Two months after the December 1985 refinancing and three days before the first loan payment was due, appellants filed for bankruptcy. Appellee sued to foreclose on the note and security, and appellants filed several counterclaims asserting that the bank had breached ordinary and fiduciary duties of care in handling items drawn on the two accounts. Appellants further alleged that these errors seriously affected their ability to operate their business and contributed to their default.
We reverse the grant of summary judgment, since evidence in the record, including a bank statement for the dairy account[1] and an affidavit, contained sufficient disputed factual allegations to preclude summary disposition. Appellee contends that the affidavit of Mr. and Mrs. Pawlik, which recites the business dealings between the Pawliks and the bank, should not be considered because it does not expressly state it is based on the affiants' personal knowledge. While the affidavit was not a model of clarity, it was admissible. The purpose of the personal knowledge requirement is to prevent the trial court from relying on hearsay when ruling on a motion for summary judgment, Wright v. Yurko, 446 So.2d 1162, 1165-1166 (Fla. 5th DCA 1984), and to ensure that there is an admissible evidentiary basis for the case, First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla. 3d DCA 1976), rather than mere supposition, Landers v. Milton, 370 So.2d 368 (Fla. 1979), or belief, United Bonding Insurance Company v. Dura-Stress, Inc., 243 So.2d 244 (Fla. 2d DCA *967 1971). Because Mr. and Mrs. Pawlik's affidavit testimony related to actions they personally took or conversations in which they were participants, the face of the affidavit sufficiently shows that the personal knowledge requirement was met. Accordingly, summary final judgment is reversed as to the Pawliks' counterclaims and affirmed as to foreclosure on the note and security agreements. The cause is remanded for further proceedings.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] The statement shows that at the time appellee allegedly failed to honor certain bills, the account contained at least $3,500. Appellants alleged that appellee never provided them with an account statement until after default.