529 So.2d 369 (1988)
Sara H. MYRICK, Appellant,
v.
ST. CATHERINE LABOURE MANOR, INC., Appellee.
No. 87-1898.
District Court of Appeal of Florida, First District.
August 11, 1988.
*370 Robert C. Lanquist, P.A., Jacksonville, for appellant.
John F. Corrigan of Law Offices of John F. Corrigan, and Linda R. Hurst of Ulmer, Murchison, Ashby & Taylor, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Sara H. Myrick appeals a final summary judgment granted by the lower court in favor of St. Catherine Laboure Manor, Inc. in the latter's action to recover sums due on an account. Because we find there are genuine issues of material fact that remain in dispute, we reverse.
The complaint alleges that appellant, as the responsible party for her husband, executed the "Admission Agreement" with appellee, a nursing home, for the care of her husband; that her husband resided in appellee's nursing home from August 3, 1984 to April 1, 1987; and that appellant owes appellee "$6,503.09, the cost of her husband's care, that is due with interest since March 31, 1987, according to the account statement which is attached hereto as Exhibit B." The admission agreement, attached as Exhibit "A" to the complaint, generally sets out the services appellee agreed to provide for appellant's husband and the obligations, financial and otherwise, appellant and her husband agreed to assume, but it contains no dollar amount. The account statement is a copy of the bill sent to appellant on April 1, 1987; it reflects a previous balance of $7,397.19, plus various payments, adjustments and charges incurred during March 1987, but contains no explanation or description of the several charges underlying the final balance.
In answer to the complaint, appellant admitted that she entered into the admission agreement as responsible party for her husband, but denied that she is indebted to appellee and stated that she has paid and satisfied the obligations accruing to her under the admission agreement.
Appellee moved for summary judgment and filed an affidavit of its comptroller in support of the motion. This affidavit basically tracks the complaint, stating that the comptroller knows of his own personal knowledge that the contents of the complaint are true and accurate, that appellant entered into the agreement as responsible party for her husband, that appellant's husband resided in appellee's nursing home, that appellant's husband owed appellee *371 $6,503.09 upon leaving the nursing home, and that appellant, as responsible party for husband, now owes the above amount plus interest. The affidavit does not, however, explain the several charges shown on the statement marked as exhibit B.
Appellant filed an affidavit in opposition to the motion for summary judgment denying that she is indebted to appellee in the alleged amount. Appellant stated that she admits responsibility for her husband's basic charges, but that she was not informed of the possibility of additional charges and did not agree to be held responsible for such charges. She further stated that the claimed amount includes items or charges that should have been included in the daily room charge, that the amount charged for some items is unreasonably excessive, and that some of the items for which she was charged were not furnished to her husband. Appellee objected to appellant's affidavit on the ground that it failed to explicitly state that it was based on the affiant's personal knowledge, but the record does not contain any explicit ruling on this objection.
With the case in this posture, the court, finding an absence of any genuine issue of material fact, granted appellee's motion for summary judgment. The final judgment awarded appellee the amount alleged due plus interest and costs.
At the outset, we must point out that appellee's complaint is far from a model of clarity. It is not clear whether the appellee is attempting to recover on an open account, an account stated, an agreed debt, or what. At oral argument, appellee's counsel urged that the action was based on account stated. However, we are unable to agree that judgment could be entered on that theory because the complaint fails to allege all the essential elements of account stated. For example, the complaint fails to allege that the parties had business transactions between them and agreed to a resulting balance, or that after appellee rendered the statement to Mrs. Myrick, she "did not object to the statement." See Form 1.933, Fla.R.Civ.P. The affidavit of appellee's comptroller[1] also failed to allege this essential element. At best, the complaint may be construed as alleging a claim on open account, see Form 1.932, Fla.R.Civ.P., yet we note that the copy of the statement attached to the complaint fails to show the individual items making up the account and the time of accrual and amount of each, as the cited form requires. The sufficiency of the complaint to allege a cause of action is, therefore, much in question, but the issue was not raised in the court below and we do not reach it now. For purposes of this appeal, we shall treat the complaint as alleging an action on open account.
We assume, based on the language in the final judgment,[2] that the court below did not consider appellant's affidavit for purposes of ruling on the motion for summary judgment. Appellee argues this affidavit cannot be considered by us in reviewing the propriety of the summary judgment because it does not explicitly state that the matters recited are based on personal knowledge. Yet it is plainly evident from the face of appellant's affidavit that she merely recounted actions and conversations in which she was personally involved as the basis for her disputing the alleged debt. This court recently held in Pawlik v. Barnett Bank of Columbia County, 528 So.2d 965 (Fla. 1st DCA 1988) that an affidavit which does not expressly state it is based on personal knowledge is not fatally defective if it shows, on its face, *372 that it is based on the affiant's personal knowledge. Id. at 968. Despite the absence of an explicit recitation to that effect, Mrs. Myrick's affidavit is sufficient to demonstrate that the matters recited are within her personal knowledge; therefore, the lower court should have considered it in ruling on the motion for summary judgment. When so considered, it becomes manifest that the lower court should have denied the motion because the affidavit raises genuine issues of material fact that remain in dispute.
Even if we disregard appellant's affidavit, however, summary judgment was error because appellee did not sustain its burden of conclusively showing the absence of genuine issues of material fact placed in dispute by the pleadings. Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA 1976). The account statement sent to Mrs. Myrick does not contain a complete list of the items and services that the alleged debt of $6,503.09 represents. Thus, a fact question exists as to whether the amount of alleged indebtedness includes items and services that should have been covered in the basic daily room charge, or whether it only includes items and services specifically excluded from appellee's services in the admission agreement. The admission agreement is ambiguous in that it does not specify which party will be responsible for certain expenses. When the terms of an agreement in issue are subject to differing interpretations, these material issues of fact concerning the parties' agreement must be resolved by a fact-finder. Florida Shade Tobacco Growers, Inc. v. Jno. H. Swisher & Son, Inc., 369 So.2d 657 (Fla. 1st DCA 1977).
The final summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] This spelling of "controller," although erroneous, is found in the affidavit and thus used here. The Oxford English Dictionary (Compact Edition, 1971) teaches us that "comptroller" is "an erroneous spelling of CONTROLLER, introduced circa 1500 and formerly frequent in all senses; still retained in certain official designations, while in others it has been changed to the ordinary spelling."
[2] The final judgment states,

The parties had agreed that the defendant could file her affidavit opposing the motion for summary judgment on the date of the hearing, but plaintiff objected to the affidavit since it was not made on personal knowledge. Plaintiff's objection to defendant's request to refile the affidavit was sustained.