661 So.2d 1230 (1995)
Armando ALVAREZ and Maria Alvarez, his wife, Appellants
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellee.
No. 94-1199.
District Court of Appeal of Florida, Third District.
September 27, 1995.
*1231 Carlos A. Lopez, P.A. and Virginia M. Best, Miami, for appellants.
Walton Lantaff Schroeder & Carson and John P. Joy, Miami, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
Armando and Maria Alvarez appeal from the entry of a final summary judgment in favor of the Florida Insurance Guaranty Association, Inc. ("FIGA"). We affirm.
The Alvarezes obtained insurance on their Hialeah home from MCA Insurance Co.[1] for the period July 9, 1992 to July 9, 1993 in the amount of $73,000 for the dwelling and $36,000 for personal property. In a notice dated July 17, 1992, MCA cancelled the policy effective August 8, 1992 because the appraisal on the house did not meet the company's minimum underwriting standards for Dade County. The policy was replaced by one from TriState Insurance Co. with $55,000 coverage on the dwelling. The Alvarez home was damaged in Hurricane Andrew. The Alvarezes assert that it was only after the hurricane, when they attempted to claim against the policy, that they found that the MCA policy had been cancelled and replaced with another with lower policy limits.
The Alvarezes filed suit in March 1993 against FIGA, their insurance agency and their insurance agent. Pertinent to this appeal, they alleged that FIGA was vicariously liable for MCA's failure to notify them of the policy's cancellation and failure to comply with section 626.9201, Florida Statutes (1991). They claimed as damages the difference between the MCA policy limits of $73,000 and the TriState limits of $55,000. Final summary judgment was entered in FIGA's favor in April 1994 and the Alvarezes instituted this appeal.
The Alvarezes' main contention on appeal is that the trial court erred in failing to strike the affidavit of Pamela Gerald, Vice-President and Manager of the personal property underwriting department of Frank R. MacNeill & Sons, Inc. the managing general agent for MCA on its Florida business. The *1232 Alvarezes argue that the affidavit should have been stricken because Gerald's affidavit stated that she was "familiar with the procedures utilized at Frank R. MacNeill & Sons" as opposed to stating that she had personal knowledge of the facts contained in the affidavit.
Florida Rule of Civil Procedure 1.510(e) sets out the requirements that affidavits supporting and opposing motions for summary judgment must be made on personal knowledge, state admissible facts and affirmatively show that the affiant is competent to testify as to the matters being related in the affidavit. "The purpose of the personal knowledge requirement is to prevent the trial court from relying on hearsay when ruling on a motion for summary judgment and to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief." Pawlik v. Barnett Bank of Columbia County, 528 So.2d 965, 966 (Fla. 1st DCA 1988) (citations omitted). An affidavit lacking the assertion that it is made on personal knowledge is not fatally defective if it shows, on its face, that it is based on the affiant's personal knowledge. Myrick v. St. Catherine Laboure Manor, Inc., 529 So.2d 369, 371-72 (Fla. 1st DCA 1988).
In the case at bar, Ms. Gerald's affidavit stated that she was currently a vice-president of the corporation and manager of the personal property department and that she held the same position in July 1992. She described the standard procedure in effect in July 1992 for the mailing of cancellation notices which involved a computer generated certificate of mailing showing the names and addresses of the persons who were to receive notice of the cancellation. The certificates and corresponding envelopes were then taken to the post office where it was verified that the name and address of each person listed on the certificate matched the name and address on each envelope. The post office charged an extra fee for this service and then stamped the certificate of mailing. Ms. Gerald averred under oath that the attached notice of cancellation and certificate of mailing to the Alvarezes were true and accurate copies.
Further, an affidavit does not need to state that it is based on personal knowledge where the affiant is shown to be in a position where he would necessarily possess the knowledge. Carter v. Cessna Fin. Corp., 498 So.2d 1319, 1321 (Fla. 4th DCA 1986); United Bonding Ins. Co. v. Dura-Stress, Inc., 243 So.2d 244, 246 (Fla. 2d DCA 1971) ("[W]hen an officer of a corporation makes an affidavit in its behalf, it is not necessary that he should state the source of his knowledge."), rationale approved, Beverage Canners, Inc. v. E.D. Green Corp., 291 So.2d 193 (Fla. 1974).[2] In the instant case, Ms. Gerald's affidavit specified in detail the actual practices and procedures for mailing out the notices of cancellation and reflected that she was in a position to be familiar with those practices and procedures. Since such evidence would be admissible at trial, it is also admissible in affidavit form.
The Alvarezes' other points on appeal are without merit.
Affirmed.
NOTES
[1] MCA was declared insolvent after Hurricane Andrew and FIGA assumed the company's liabilities.
[2] It would not be sufficient, however, for a corporate officer to state merely that he made the affidavit on "best knowledge and belief". See Department of Revenue v. Rudd, 545 So.2d 369, 374 (Fla. 1st DCA 1989); Montejo Inv., N.V. v. The Green Cos., 471 So.2d 158, 159 (Fla. 3d DCA 1985). Nor would a corporate officer's affidavit which merely states conclusions or opinion be sufficient, even if it is based on personal knowledge. Nour v. All State Supply Co., 487 So.2d 1204, 1205 (Fla. 1st DCA 1986).