THOMPSON, J.
Magma Trading Corporation (“Magma”) appeals a summary final judgment in a quiet title action. The trial court entered judgment in favor of appellees Lester Lintz, Laurence E. Lea, Walter E. Kramer, and Hazel B. Kramer, individually and as trustees, ruling that they acquired the land by “adverse possession under color of title.” The court found that the appellees satisfied section 95.16, Florida Statutes, because they obtained title to the property by a deed issued in 1984, and, for seven years, all of the property surrounding the subject parcel was “restricted by a chain link fence, locked gates, dense trees, scrubs and swales.” We affirm.
Section 95.16, Florida Statutes, reads in part:
(1) When the occupant, or those under whom he claims, entered into possession of real property under a claim of title exclusive of any other right, founding the claim on a written instrument as being a conveyance of the property, or on a decree or judgment, and has for 7 years been in continued possession of the property included in the instrument, decree, or judgment, the property is held adversely ...
(2) For the purpose of this section, property is deemed possessed in any of the following cases:
******
(b) When it has been protected by a substantial enclosure. All land protected by the enclosure must be included within the description of the property in the written instrument, judgment or decree....
On appeal, Magma does not dispute that the appellees obtained possession of the subject parcel (Parcel 6) in 1984 under color of title or that they have continuously paid taxes on the property since 1984. Magma’s only argument is that there is a genuine factual issue concerning whether Parcel 6 was substantially enclosed during the seven-year statutory period, based on observations made several years after the seven-year period had expired.
Supporting their motion for summary judgment, the appellees filed an affidavit stating that they own the land surrounding Parcel 6 on three sides. The affidavit further states that the entire tract, including Parcel 6, is enclosed in the following manner: on the northern boundary, by dense trees, scrub, a ten-foot swale, a lake, and a chain link fence with a locked gate; on the southern boundary, by fences, a small lake, and a *378 locked gate; on the western boundary, by dense jungle-like forest and wetlands; and on the eastern boundary, by a chain link fence with a locked gate running the length of Parcel 6, a four-foot swale, dense trees and scrub, and railroad tracks. The affidavit states that the three gates are “locked and are maintained and controlled by” the appel-lees.
Magma filed a counter-affidavit signed by its president stating that he had visited the property ten times over the three or four years before the complaint was filed in 1997. He stated that at those times, he was able to gain access through the chain link fence, which was open with weeds growing around it. Also, there were no posted signs indicating the land was private property. Moreover, he had observed children and young adults participating in war games and paintball games on the property. Based on these observations, he alleged the property was “not enclosed by dense trees, lakes, and locked gates ... but has always been easily accessible.” (Emphasis added.)
Magma contends that its affidavit raises an issue of material fact, i.e., whether the property was substantially enclosed for seven years, and therefore, the motion for summary judgment should have been denied and the issue submitted to a jury. See Moore v. Morris, 475 So.2d 666 (Fla.1985). We disagree with this contention. Magma’s affidavit alleges only that after the statutory seven-year period ended in 1991, the company president went onto the property and found it was not then protected by a substantial enclosure. Nowhere in the affidavit does Magma allege that during the seven years between October 1984 and October 1991 the property was not substantially enclosed. Magma argues that the trial court should have inferred the property was not substantially enclosed several years earlier because of observations subsequent to the seven-year statutory time. We do not think this is a reasonable inference.
In Holl v. Talcott, 191 So.2d 40 (Fla.1966), the Florida Supreme Court held that the party moving for a summary judgment has the burden of conclusively showing the nonexistence of a genuine issue of material fact, and the proof must overcome all reasonable inferences which may be drawn in favor of the non-moving party. See also Brooks v. Herndon Ambulance Service, Inc., 475 So.2d 1319 (Fla. 5th DCA 1985). Here, the appel-lees have met their burden with attachments to their motion and affidavits. To defeat the motion, Magma could not merely assert there existed a genuine issue of material fact, it must have presented evidence to support its claim. Martin v. Edenfield, 609 So.2d 27 (Fla.1992); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965). For example, Magma could have presented aerial photographs from the property appraisers’ office to show that the property was not substantially enclosed during the statutory seven-year period. Depositions or affidavits from the paintballers or the children playing war games stating that they used the property during the applicable period could have been obtained. Or, the depositions of the appellees that the property was being used by strangers during this time could have been filed in the record. However, no evidence other than Magma’s assertion appears in the record, and the assertion alone does not support the inference that the property was not substantially enclosed during the statutory period. See National Airlines v. Florida Equipment Co. of Miami, 71 So.2d 741, 744 (Fla.1954)(“Of course, a litigant by merely asserting a fact, without any evidence to support it, cannot avoid a summary disposition of his case.”)
Florida Rule of Civil Procedure 1.510 states that a party is entitled to summary judgment only “if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Here, Magma did not support any of the alleged facts that, would prevent summary judgment:
AFFIRMED.
W. SHARP, and PETERSON, JJ„ concur.