ALTENBERND, Judge.
O’Melveny & Myers, LLP (the law firm), appeals a partial final summary judgment in favor of Kenneth McAlpin, Sr., and his son, Kenneth McAlpin, Jr.[1] Although it is undisputed that the law firm represented the McAlpins in a California lawsuit, the trial court in this case held that the McAlpins were not obligated to pay the law firm for that representation. We affirm the summary judgment on the theories of account stated and open account, but reverse on the theories of oral contract, contract by estoppel, and quantum meruit.
In 1995, Mor-Lite, Inc., was sued in California by an employee who alleged sexual harassment. Mor-Lite retained the law firm. The law firm sent Mor-Lite a letter of representation on February 13, 1995. The law firm directed the letter to the corporation’s marketing director, Dale Ken Adams. He signed the letter, accepting the terms of representation for the corporation. Thereafter, most of the communications between the law firm and Mor-Lite involved Mr. Adams.
At some point, the McAlpins and Mr. Adams were named as parties in the California lawsuit.[2] The law firm sent each man a letter disclosing the possible conflict involved in representing Mor-Lite and all of the other named individual defendants. The letter explained that Mor-Lite had agreed to pay all of the expenses incurred in defense of each individual, but did not discuss what would happen if Mor-Lite failed to pay for this representation.
Initially, the law firm required a retainer from Mor-Lite of only $5000. The law firm allegedly gave the clients some assurance that the lawsuit was meritless. Ultimately, the case settled in early 1996 for approximately $100,000. However, at the conclusion of the representation, the law firm’s outstanding statements for services rendered totaled over $250,000.[3] Mor-Lite did not pay this bill and apparently no longer has sufficient assets to allow the law firm to collect a judgment for fees from the corporation. Consequently, the law firm sued Mr. Adams and the McAl-pins for the entire outstanding balance on the bills that it had sent to the corporation.
The evidence in this record is limited and conflicting. It is clear that the law firm never sent a separate statement to any of these men. No effort was ever made to isolate services rendered for the benefit of any specific defendant. Although we agree with the trial court that the theories alleging account stated and open account are not actionable against these individuals, there is conflict in the record concerning the existence of an oral contract. The record also contains evidence that may support a contract by es-toppel theory to recover a portion of the *749 fees because the law firm claims that it continued to represent the collective defendants only after receiving assurances from one or both of the McAlpins that they would be responsible to pay for these services. Finally, the evidence in the record does not conclusively establish that the law firm cannot recover at least a limited award under quantum meruit.[4]
The trial court granted summary-judgment on the theory that the letter agreements “unequivocally state[d] that [the law firm] will look solely to Mor-Lite, Inc.” We have reviewed those agreements and conclude that the trial court has made an error of law in this regard. The agreements state that Mor-Lite would pay for the McAlpins’ defense, apparently because they are officers or employees of the corporation. However, the agreements never waived the law firm’s right to collect a fee from each client if the corporate defendant failed to pay for the services rendered. We do not hold that the law firm is entitled to collect fees from these individual clients. At least at this juncture, the issue appears to be a question of fact. See Myrick v. St. Catherine Laboure Manor, Inc., 529 So.2d 369, 372 (Fla. 1st DCA 1988).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and NORTHCUTT, J., Concur.

. Dale Ken Adams also received a summary judgment, but the parties to this appeal agree that our ruling does not affect him because he has initiated a bankruptcy proceeding.

. The McAlpins' respective roles in this corporation are not established in this record. Mr. McAlpin, Jr., was apparently an officer of Mor-Lite. Mr. McAlpin, Sr., states in his affidavit that he had no corporate position, but he entered into a sale of some assets of this corporation. It is unclear whether either of the McAlpins were employees of this corporation. The record does not establish why they were sued in conjunction with the corporation in California.

.The total bill for services was substantially higher. Although there is some dispute in the record as to the amount Mor-Lite paid to the law firm during the representation, the law firm recognizes payments of approximately $34,000.

. We intentionally do not discuss the elements of these causes of action. The parties assume that Florida law applies in this case. Because the services were rendered in California by licensed Californian lawyers, we are not certain that this assumption is correct. Whether Florida or California substantive law applies in this dispute, it would appear that the record does not conclusively resolve issues of fact.