GERSTEN, J.
(concurring).
I respectfully concur. I believe that the trial court properly granted partial final summary judgment in favor of Quality Service Station, Inc. (“Quality”) and Agus-tín Alcantara (“Alcantara”). The trial court properly granted summary judgment because: (1) there is no genuine issue of material fact regarding Luis Buzzi’s (“Buz-zi”) violation of Motiva Inc.’s (“Motiva”) rules and regulations, and (2) it properly considered the affidavit of Luis Santos (“Santos”) and/or the letter from Motiva’s President.
First, although inartfully drafted, Santos’ affidavit as the marketing consultant fór Motiva makes him a competent affiant. Santos, therefore, does not need to state the source of knowledge, information, or belief due to his position. See Alvarez v. Fla. Ins. Guar. Ass’n, 661 So.2d 1230, 1232 (Fla. 3d DCA 1995).
Next, Santos’ affidavit states more than conclusions. See Fla. Dep’t of Fin. Servs. v. Assoc. Indus., Inc., 868 So.2d 600 (Fla. 1st DCA 2004). Santos’ affidavit states the limited authorized activities on the premises, which in turn, are admissible at trial. Therefore, Santos’ affidavit is legally sufficient to support the trial court’s order granting partial summary judgment in favor of Quality and Alcantara.
Lastly, the trial court did not err in considering the Motiva letter. Because the letter is attached as an exhibit to the amended complaint and counterclaim, it is a part of the pleadings. Pleadings, by law, can be considered for any purpose, including a motion for summary judgment. See Fla. R. Civ. P. 1.130(b) (“any exhibit attached to a pleading shall be considered a part thereof for all purposes”). It can be error for the court to fail to consider the amendments for purposes of summary judgment when there is no dispute that an amendment has been made. See JNC Enters., Ltd. v. ICP 1, Inc., et. al., 777 So.2d 1182 (Fla. 5th DCA 2001). Further, the trial court can consider the parties’ initial pleadings, amended complaint, counterclaim, the Motiva letter, and Santos’ affidavit for purposes of summary judgment. *17 See Romeo v. Romeo, 907 So.2d 1279 (Fla. 2d DCA2005).
Whether the trial court’s order expressly states reliance on the Motiva letter is of no import. Because the trial court is entitled to consider pleadings in connection with affidavits for the purposes of summary judgment, it committed no error. See Fla. R. Civ. P. 1.510(c). Therefore, I respectfully concur with the majority.