# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1013
Lower Tribunal No. 15-9538
_____


## Keys Country Resort, LLC, et al.,
Appellants,

vs.

## 1733 Overseas Highway, LLC,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth (Hollywood), for appellants.

Lerman & Whitebook, P.A., and Carlos D. Lerman (Hollywood), for appellee.


Before EMAS, C.J., and LOGUE and HENDON, JJ.

LOGUE, J.

Keys Country Resort, LLC, and 1733-1777 Overseas Highway, LLC (hereinafter "Keys Country") appeal from a final summary judgment for reformation entered in favor of 1733 Overseas Highway, LLC ("Overseas Highway"). While the affidavits filed by Keys Country met its burden as the movant for summary judgment, the affidavits filed by Overseas Highway also met their burden as the opponents by identifying a genuine issue of material fact in dispute. Because the disputed issue of fact can only be resolved by trial, we reverse.

## Background

This appeal arises from a dispute over whether certain real property, referred to as the bay bottom parcel, was inadvertently omitted from a mortgage. Keys Country purchased four adjacent parcels of property in Vaca Key consisting of three upland properties and one bay bottom parcel. The four parcels became unified under a single title. Later, in 2005, Keys Country obtained a development loan from Premier American Bank (the "Lender"). The mortgage contained the legal descriptions of the upland parcels, but not the bay bottom parcel. The mortgage was modified four times, but the legal description of the bay bottom parcel was never added. Keys Country defaulted in 2009, and the Lender obtained a final judgment of foreclosure. The property foreclosed upon was subsequently conveyed several times in deeds that did not reference the bay bottom parcel.

2

In 2015, the Lender filed suit to reform the mortgage to include the bay bottom parcel and for reforeclosure.[1] The Lender argued that omission of the bay bottom parcel was the result of a scrivener's error caused by mutual mistake, and moved for summary judgment. In support, the Lender submitted the affidavit of Jose L. Pruna, a Loan Officer for Premier American Bank. Mr. Pruna stated that the Loan Approval Form for the first mortgage included a legal description of the bay bottom parcel and that "at the time of closing, it was the intent of the [Lender] to encumber the Uplands and the Bay Bottom." He swore the Lender did not discover the omission until 2013, that the "omission was a mistake," and "[a]t all times from the origination of the transaction described in the Loan Approval Form to the present, it had been the intention of the [Lender] to receive a Mortgage for the Uplands and Bay Bottom."

The Lender also submitted evidence that Keys Country stopped treating the bay bottom parcel as an asset after the original foreclosure. Among other things, the Lender submitted evidence that Keys Country and its officers had not listed the bay bottom parcel as an asset in various matters filed after the foreclosure including tax

---

[1] The names of the parties have changed in the course of the litigation. The Lender, Premier American Bank, the original plaintiff in the foreclosure action, changed its name to Florida Community Bank. Florida Community Bank later transferred the parcels to a related company, FCB Keys Country. FCB Keys Country sold the properties to Overseas Highway which was ultimately substituted into the case as plaintiff as successor-in-interest to FCB Keys Country.

returns, bankruptcy filings, divorce disclosures, and the documents dissolving Keys Country.

In opposition, Keys Country submitted the affidavit of Sandy Segall, a principal of Keys Country. According to Mr. Segall, the absence of the legal description of the bay bottom parcel from the mortgage and its modifications was not an error. To the contrary, he avers, Keys Country never intended to mortgage the bay bottom parcel as part of the loan. The intent was to develop the bay bottom separately and, regardless, the bay bottom had certain environmental issues that prevented the Lender from accepting it as collateral. He explained that the bay bottom parcel was absent from the various tax filings and disclosures because he and others simply forgot that Keys Country owned the bay bottom parcel, likely because its value at those times was minimal.

The trial court granted summary judgment on the reformation claim. The Lender then moved for summary judgment on the reforeclosure claim, which the trial court also granted. This appeal followed.

**Analysis**

This Court reviews a trial court's ruling on a motion for summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. Summary

4

judgment "is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). Because summary judgment tests the sufficiency of the evidence to justify a trial, it "is proper only if, taking the evidence and inferences in the light most favorable to the non-moving party, and assuming the jury would resolve all such factual disputes and inferences favorably to the non-moving party, the non-moving party still could not prevail at trial as a matter of law." Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334–35 (Fla. 3d DCA 2015).

A court considering summary judgment must avoid two extremes. On one hand, a "party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict." Perez-Rios v. Graham Cos., 183 So. 3d 478, 479 (Fla. 3d DCA 2016) (quoting Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000)). On the other hand, "a motion for summary judgment is not a trial by affidavit or deposition. Summary judgment is not intended to weigh and resolve genuine issues of material fact, but only identify whether such issues exist. If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact." Perez–Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017).

The overarching issue in this case is whether the absence of a legal description for the bay bottom parcel from the original mortgage and its subsequent modifications was intentional or due to a mutual mistake. We hold that the summary judgment evidence submitted by the Lender was sufficient to meet its burden as movant for summary judgment. It therefore became the burden of the Keys Country, as the party opposing the motion, either to (1) file an affidavit indicating they needed additional time to take identified discovery, pursuant to subsection (f) of the summary judgment rule, Fla. R. Civ. P. 1.510.; or (2) file "summary judgment evidence on which the adverse party relies," pursuant to subsection (c) of the rule.

Keys Country chose the second option and filed affidavits in opposition. In this situation, the law of Florida shifts the burden to present evidence from the movant to the party opposing summary judgment:

> If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result - that is, evidence sufficient to generate an issue on a material fact. When analyzed in this fashion the summary judgment motion may be categorized as a "pre-trial motion for a directed verdict." At least it has most of the attributes of a directed verdict motion.

> The initial burden, therefore, is upon the movant. When he tenders evidence sufficient to support his motion, then the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. The movant, however, does not initially carry the burden of exhausting the evidence pro and con, or even examining all of his opponent's

6

witnesses. To fulfill his burden he must offer sufficient admissible evidence to support his claim of the non-existence of a genuine issue. If he fails to do this his motion is lost. If he succeeds, then the opposing party must demonstrate the existence of such an issue either by countervailing facts or justifiable inferences from the facts presented. If he fails in this, he must suffer a summary judgment against him.

Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782-83 (Fla. 1965) (citations omitted).[2]

In this regard, the Rule requires that "opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein." Fla. R. Civ. P. 1.510(e). In short, the affidavits opposing summary judgment must identify "admissible evidence that creates a genuine issue of material fact." Panzera v. O'Neal, 198 So. 3d 663, 665 (Fla. 2d DCA 2015) (citing Byrd v. Leach, 226 So. 2d 866, 868 (Fla. 4th DCA 1969)). The purpose of this requirement is "to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief." Alvarez v. Fla. Ins. Guar. Ass'n, Inc., 661 So. 2d 1230,

---

[2] Harvey Building has been continuously cited for over sixty years and remains the black letter law today. See, e.g., The Fla. Bar v. Mogil, 763 So. 2d 303, 307 (Fla. 2000) (citing Harvey Building with approval); Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979) (same); Tank Tech, Inc. v. Valley Tank Testing, L.L.C., 244 So. 3d 383, 389 (Fla. 2d DCA 2018) (same); Cong. Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co., 105 So. 3d 602, 610 (Fla. 4th DCA 2013) (same); Juarez v. New Branch Corp., 67 So. 3d 1159, 1160 (Fla. 3d DCA 2011) (same); Cassady v. Moore, 737 So. 2d 1174, 1178 (Fla. 1st DCA 1999) (same); Magma Trading Corp. v. Lintz, 727 So. 2d 377, 378 (Fla. 5th DCA 1999) (same).

1232 (Fla. 3d DCA 1995) (quoting <u>Pawlik v. Barnett Bank of Columbia Cty.</u>, 528 So. 2d 965, 966 (Fla. 1st DCA 1988)).

Here, the affidavit of Mr. Segall contained testimony clearly be admissible at trial. According to Mr. Segall, the upland parcels were to be developed separately from the bay bottom parcel. The mortgage was obtained only to develop the upland parcels. The bay bottom parcel was not included in the mortgage because it was never intended to be included. Along with the simple fact that the legal description of the bay bottom parcel was never included in the mortgage or subsequent modifications, this testimony was sufficient to create a genuine issue of material fact as to whether the absence of the legal description of the bay bottom parcel was intentional or a mutual mistake. Questions regarding the relative credibility or weight of the evidence cannot be resolved on summary judgment, but must be left for the trier of fact. <u>Hernandez v. United Auto. Ins. Co.</u>, 730 So. 2d 344, 345 (Fla. 3d DCA 1999) ("In ruling on a motion for summary judgment, it is well-established that the court may neither adjudge the credibility of the witnesses nor weigh the evidence.").

Because we conclude that the trial court erred in granting summary judgment of reformation, we need not reach the other issues raised on appeal.

Reversed and remanded.