# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-437
Lower Tribunal No. 15-9538
_____

## Keys Country Resort, LLC, and 1733-1777 Overseas Highway, LLC,

Appellants,

vs.

## 1733 Overseas Highway, LLC,

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth (Hollywood), for appellants.

Lerman & Whitebook, P.A., and Carlos D. Lerman (Hollywood), for appellee.

Before LOGUE, SCALES, and LOBREE, JJ.

LOGUE, J.

Keys Country Resort, LLC, and 1733-1777 Overseas Highway, LLC appeal from a final summary judgment for reformation and reforeclosure in favor of 1733 Overseas Highway, LLC ("Overseas Highway").

The facts are set forth in our prior opinion in which we reversed the summary judgment of reformation in favor of Overseas Highway and remanded the case because there existed a genuine issue of material fact as to whether the absence of the legal description of the omitted bay bottom parcel was intentional or a mutual mistake. Keys Country Resort, LLC v. 1733 Overseas Highway, LLC, 272 So. 3d 500, 505 (Fla. 3d DCA 2019). On remand, following a six-day bench trial, the trial court entered final judgment for reformation and reforeclosure in favor of Overseas Highway. In a detailed, thirty-nine-page order, the trial court outlined the evidence showing the omission was a mutual mistake due to a scrivener's error.

We affirm. See Morey v. Everbank, 93 So. 3d 482, 489–90 (Fla. 1st DCA 2012) (an appellate court "may not overturn a trial court's finding regarding the sufficiency of the evidence unless the finding is unsupported by record evidence, or as a matter of law, no one could reasonably find such evidence to be clear and convincing . . . it is not our function to conduct a de novo review of the evidence, but simply to determine whether there exists in the record competent substantial evidence to support the judgment of the

trial court"); <u>Morton v. Smith</u>, 183 So. 475, 477 (Fla. 1938) ("In the case at bar, we have a situation in which the lands were described correctly in the trust deed or the mortgage, but it is alleged that a portion of the lands that should have been included were omitted therefrom . . . To now open up the original foreclosure . . . could accomplish no good purpose . . . and no reason whatever is shown for reforming the trust deed and proceeding anew to perfect the second foreclosure."); <u>Corinthian Invs., Inc. v. Reeder</u>, 555 So. 2d 871, 873 (Fla. 2d DCA 1989) ("[A] legal action 'on a contract' to which [section 95.11(3)(k), Florida Statutes,] applies connotes an action to <u>enforce</u> a contract in the sense of holding a party to the stated terms of the contract." (emphasis in original)); <u>McFall v. Trubey</u>, 992 So. 2d 867, 869 (Fla. 2d DCA 2008) ("Statutes of limitations are not generally applied in equity actions."); <u>Zaldivar v. Okeelanta Corp.</u>, 877 So. 2d 927, 931 (Fla. 1st DCA 2004) (when considering if an action is barred by laches, "delay rises to prejudice where the party defending the claim establishes that enforcement would be inequitable or unjust").

 Affirmed.