# Third District Court of Appeal
## State of Florida

Opinion filed July 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1709
Lower Tribunal No. 19-34772
_____

**Yalina Perez,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

David Low & Associates, P.A., and Elizabeth Mitchell (Fort Lauderdale), for appellant.

Luks, Santaniello, Petrillo, Cohen & Peterfriend, and Lauren J. Smith (Stuart), for appellee.

Before FERNANDEZ, C.J., and LOGUE and BOKOR, JJ.

LOGUE, J.

Yalina Perez appeals the trial court's order granting summary judgment in favor of Citizens Property Insurance Corporation. Perez contends that an expert affidavit filed in support of her claim was sufficient to create a genuine issue of material fact as to whether she could overcome the prejudice caused by her waiting over two years to report this Hurricane Irma claim. We affirm the trial court because Perez's expert investigator's report, based on an investigation conducted nearly three years after the claimed date of loss, was insufficient as a matter of law to create a genuine issue of material fact to overcome the prejudice caused to Citizens. Perez's failure to report her loss for over two years, and only after she had conducted repairs and failed to keep any records of her claimed repair costs, rendered it impossible for Citizens to determine whether the claimed damages were a result of the claimed covered event.

## Factual and Procedural Background

Hurricane Irma was a windstorm that struck southern Florida on September 17, 2017. In the days and weeks immediately following, many South Florida residents reported damage to their homes and opened repair claims with their various insurance companies. Insurance companies, faced with the monumental task of assessing thousands of claims from a single event, sent investigators to review the damage reports from each of these

2

claims. While many of these claims eventually resolved with insureds receiving compensation for their losses, some eventually reached the courts, and many have since resolved through litigation.

But this is not the typical Hurricane Irma claim. Yalina Perez did not report her claim to her insurer, Citizens Property Insurance Corporation, until September 19, 2019—over two years after her claimed date of loss from Hurricane Irma. In the meantime, Ms. Perez claims to have, with the help of her boyfriend, completed several cycles of repairs. These repairs included water mitigation services, patching of various sections of the roof, and replacement of walls and fixtures inside the home. Ms. Perez maintained no records of these repairs, and, because the claim was not reported, Citizens did not conduct an initial investigation of Ms. Perez's home until several years after the claimed loss—after several repairs had already been conducted.

In response to receiving the claim from Ms. Perez, Citizens sent an investigator to the property and requested repair records from Ms. Perez. In response to Citizens' request, Ms. Perez did not turn over any repair receipts, and, after several requests, failed to provide Citizens with a sworn proof of loss detailing her claimed damages. After requesting these documents several times to no avail, Citizens denied the claim in a letter

stating that Ms. Perez's failure to timely report her claim prejudiced Citizens' investigation to the point that it was unable to make a coverage determination.

Ms. Perez sued Citizens for breach of contract and, after discovery, Citizens moved for summary judgment. To oppose summary judgment, Ms. Perez relied on an affidavit from her own investigator, Grant Renne from PRAZ Consultants. PRAZ Consultants conducted an investigation of the property on July 24, 2020. Mr. Renne's report noted "[m]issing, torn and creased shingles" on multiple areas of the roof and granular loss "due to windborne debris and/or hail stone impacts." He also noted that the shingles were "extremely brittle." In the area of rolled roof covering, Mr. Renne noted areas of excessive ponding. Finally, Mr. Renne noted damage due to interior moisture in multiple areas of the residence. Based on "statements made by the insured and a review of historic NOAA weather data" Mr. Renne opined "that the severe storm event that occurred on/or about the reported date of loss was the probable storm event that caused the documented roof damage."

Ms. Perez conceded that Citizens was entitled to a presumption of prejudice due to her late reporting, however, argued that a fact issue remained as to whether this prejudice was overcome because Mr. Renne

4

was able to conduct a complete investigation and determine that Hurricane Irma was the probable cause of loss. The trial court held a hearing and granted summary judgment on Citizens' defense that the delay in reporting of the claim prejudiced its investigation and precluded it from making an adequate coverage determination. This appeal followed.

## Analysis

This Court reviews a trial court's ruling on a motion for summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 10 (Fla. 2000). Where an insured provides late notice of their loss to the insurer, prejudice to the insurer will be presumed, and the insured must rebut said prejudice. See Stark v. State Farm Fla. Ins. Co., 95 So. 3d 285, 287-88 (Fla. 4th DCA 2012); Kramer v. State Farm Fla. Ins. Co., 95 So. 3d 303 (Fla. 4th DCA 2012) (affirming trial court's grant of summary judgment where the insured's expert concluded that foot traffic and a storm event were equally likely to have caused the damage to the property).

"The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." State Farm Mut. Auto. Ins. Co. v. Ranson, 121 So. 2d 175, 180 (Fla. 2d DCA 1960), overruled in part on other grounds, Am. Fire & Cas. Co. v. Collura,

5

163 So. 2d 784, 793–94 (Fla. 2d DCA 1964). "The question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." LoBello v. State Farm Florida Ins. Co., 152 So. 3d 595, 599 (Fla. 2d DCA 2014). "If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice." Bankers Insurance Co. v. Macias, 475 So. 2d 1216, 1218 (Fla.1985).

Ms. Perez attempted to show that Citizens was not prejudiced by the late notice because, as demonstrated by the Renne affidavit, an adequate determination could be made that Hurricane Irma was the cause of the claimed loss. Florida Rule of Civil Procedure 1.510(e) demands that "affidavits must be made on personal knowledge, [and] must set forth such facts as would be admissible in evidence." "The purpose of this requirement is 'to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief.'" Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019) (quoting Alvarez v. Fla. Ins. Guar. Ass'n, Inc., 661 So. 2d 1230, 1232 (Fla. 3d DCA 1995)). "It is well established that affidavits, such as those presented by plaintiff, which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and

6

legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment." Morgan v. Cont'l Cas. Co., 382 So. 2d 351, 353 (Fla. 3d DCA 1980) (citing Food Fair Stores, Inc. v. Trusell, 131 So. 2d 730 (Fla. 1961)). "[N]o weight may be accorded [to] an expert opinion which is totally conclusory in nature and is unsupported by any discernible, factually-based chain of underlying reasoning." Div. of Admin. v. Samter, 393 So. 2d 1142, 1145 (Fla. 3d DCA 1981).

We agree with the trial court that Mr. Renne's affidavit was wholly conclusory and not adequately supported. We considered a similar situation in Hope v. Citizens Prop. Ins. Co., 114 So. 3d 457 (Fla. 3d DCA 2013). In that case, we determined that the homeowner's testimony, a repair estimate from a roofer, and a public claims adjuster's report were conclusory and therefore insufficient because "the passage of time [had] rendered Citizens unable to determine exactly what current damage is directly attributable to Hurricane Wilma, and thus a covered loss." Id. at 460.

Mr. Renne's report and conclusion, coupled with Ms. Perez's statement that some of the water damage began in the days following the Hurricane, may be sufficient to show that some damage may have been caused by Hurricane Irma. However, as in Hope, the fact that Mr. Renne's opinion is based on an investigation conducted nearly three years after the

7

claimed date of loss renders it impossible for Citizens to determine which, if any, of the current damage to the roof came as a result of the Hurricane, and which, if any, of the current damage was caused by some other event. This is not a case like Vega v. Safepoint Ins. Co., 326 So. 2d 176 (Fla. 3d DCA 2021), in which we determined that an expert report conducted two years after the claimed date of loss was sufficient to create an issue of fact as to whether the damage to the roof was caused by a windstorm. In Vega, the insured's expert relied on a report and photographs taken during Safepoint's initial investigation of the claim. This material—compiled immediately after the claimed loss and before any repairs had been conducted—was sufficient to support the expert's conclusion that the windstorm was the probable cause of the damages to Vega's roof.

Unlike in Vega, Ms. Perez's expert did not have access to any information as to the state of the roof immediately following the Hurricane. There was no investigation following the initial loss because Ms. Perez waited over two years to report her claim to Citizens. Instead, Mr. Renne formed his opinion based solely on his investigation conducted nearly three years after the incident, after repairs had already been conducted on the roof. This lapse in time, as well as the intervening repairs, rendered Mr. Renne's opinion wholly conclusory as to whether the current damage was

8

caused by the Hurricane or some other event from the intervening three years.

Mr. Renne's affidavit was insufficient to rebut the presumption of prejudice to Citizens resulting from Ms. Perez's delay in reporting the claim. The trial court was therefore eminently correct in its decision to grant summary judgment in favor of Citizens.

Affirmed.