PER CURIAM.
The appellant, holding a lease on a tract of land in Dade County on which it proposed to create a shopping center, entered into a lease agreement with the appellee on February 19, 1962, under which the appellee was to lease a store building to be constructed by the appellant, and to operate thereon a store known as Richard’s. Reference to the terms of the lengthy lease agreement will be restricted to those which were pertinent to the decision. The appellant will be referred to as the lessor, and the appellee as the lessee.
The store intended for the lessee was to comprise 60,000 square feet. Within 90 days after the execution of the agreement the lessor was to submit to the lessee “complete working drawings, plans and specifications of the said building and improvements to be constructed,” and within 30 days thereafter the lessee was to “approve the said plans and specifications or advise the lessor wherein the same do not meet its approval.”
Under the agreement the term or tenancy was to begin when certain things occurred. Those listed included readiness of the building for occupancy; issuance of required permits; readiness of common areas and certain roadways; construction and readiness for occupancy of other stores aggregating 150,000 square feet and lessees thereof obtained. The final paragraph of *16 that section of the agreement contained a provision for reimbursement of the lessee by the lessor for expenses incurred by the lessee relative to architectural and fixtur-ing costs, in event the term of the lease should fail to commence through no fault of the lessee. That provision of the agreement reads as follows:
“Section 8(b) Lessor covenants to give Lessee at least six (6) months’ prior notice of the date the demised premises will be considered ready for occupancy as above defined. In the event of failure to give such notice or if the time between the giving of such notice and the date on which the premises are ready for occupancy shall exceed nine (9) months or if the demised premises shall fail to be ready for occupancy after the said nine (9) month period and the term hereof shall fail to commence through no fault of Lessee, Lessor covenants to reimburse Lessee for all its actual damages and expenses relative to its architectural and fixturing costs resulting therefrom or thereby.”
A prior section, dealing with the term of the intended lease contained the following provision:
“Section 7(c) Notwithstanding any other provisions of this Lease Agreement to the contrary, if the term of this Lease shall not have commenced on or before September IS, 1963, Lessee shall have the right, at any time thereafter, to cancel and terminate this Lease by notice in writing to Lessor and, if the term of this Lease shall not have commenced on or before September IS, 1964, the Lease and the terms of provision hereunder shall terminate and be void absolutely.”
In anticipation and preparation to meet the requirement for prompt approval or objection to the plans and specifications (which were to be furnished by lessor within 90 days), the lessee incurred certain architectural and fixturing costs. The lessor did not submit such plans and specifications within 90 days as provided for, but certain plans and specifications were prepared and delivered later. Difficulty experienced by the lessor in obtaining other lessees resulted in a conference from which the 60,000 square footage area to be taken by the lessee was substantially increased. As a result thereof, the lessee incurred additional architectural expense.
The required leases on other stores were not obtained, construction was not begun, and certain other things which the lease agreement had provided should occur in order for the term of this lease to commence were not accomplished prior to the final cut-off date of September IS, 1964. During the period involved the lessee remained in a position to perform.
Thereupon the lessee filed this suit against the lessor, seeking recovery of $13,-715.99 alleged to have been incurred by the lessee between April 2, 1962, and August 17, 1962, for “architectural and fixturing costs incurred by plaintiff in anticipation of defendant’s submitting plans and specifications for the store building and other improvements.” The lessor answered, contending: “The term of said lease agreement did not commence on or before September IS, 1964, as said commencement is defined in said lease and that by virtue thereof, the said lease and the term and provisions thereof were terminated and ba-came absolutely void and unenforceable.” In asserting that defense the lessor was relying on section 7(c) of the lease which is quoted hereinabove.
Both parties moved for summary judgment. On consideration of the provisions of the lease with the foregoing facts before the court, the lessor’s motion was denied and the lessee was granted a partial summary judgment, on liability. On trial of the issue of damages, judgment was entered for the plaintiff-lessee for $11,350.-80 principal, with interest from September 15, 1964, amounting to $2,360.90 and $83.70 *17 costs, making the total of the judgment $13,794.68, from which judgment the lessor appealed.
Four points were presented. In the first and second the appellant contends the court erred in the rulings on the motions of the parties for summary judgment. The determinative question there is one of construction of two provisions of the lease agreement which are quoted above in this opinion. Thus in the opening paragraphs of the argument section of appellant’s brief it is said:
“As stated previously, plaintiff contends that it was entitled to be reimbursed for its ‘actual damages and expenses relative to its architectural and fixturing costs.’ Section 8(b).
“Simply stated, the defendant contends that Section 7(c), precludes liability as a matter of law.”
The appellant argues that under section 7(c) of the lease agreement, when commencement of the term (as defined therein) did not occur by September IS, 1964, the agreement became void and no right of a party thereunder could be asserted or enforced thereafter against the other party. In so contending, the appellant places stress on the fact that section 7(c) opens by saying: “Notwithstanding any other provision of this lease agreement,” and at the end states that termination of the lease in the events listed would be absolute.
The appellee in its brief recognizes that section 7(c) would operate to relieve the lessor from liability for damages for breach of contract for failure to perform by September 15, 1964, and the appellee points out that it did not seek damages for breach of contract, but sought only to recover out-of-pocket expenses relative to its architectural and fixturing costs for which it was entitled to reimbursement under the express separate provision of the agreement [8(b)].
In granting summary judgment to the plaintiff on liability, the trial court necessarily concluded that section 8(b) conferred a right on the lessee to be reimbursed for such expenses, and that section 7(c), by providing for termination of the agreement in event the term was not commenced by September 15, 1964, did not operate to cut off the lessee’s right to reimbursement'under 8(b). We are impelled to agree with that ruling of the trial court. In reaching this conclusion we are influenced by the fact that the out-of-pocket expenses for which the lessee sought reimbursement were of a kind which the parties anticipated would likely, if not necessarily, be incurred by the lessee soon after the inception of the transaction in 1962, with the recognized possibility that the term or tenancy as therein defined might fail to commence through no fault of the lessee, and that in such circumstances provision for the reimbursement was reasonable and just. In so construing the agreement the trial court was not in error.
The appellant additionally argues that the granting of a partial summary judgment on liability to the plaintiff-lessee was error because there was an issue of fact as to whether the lessor furnished plans and specifications to the lessee as required. We hold, however, that an issue on that point, if it existed, was not a material one, in view of the showing that construction was not commenced, the leases on other stores were not obtained and certain other performances by the lessor which were required in order to commence the term or tenancy did not occur before the cut-off date of September 15, 1964.
The appellant’s third and fourth points present contentions of error in rulings on evidence, and of insufficiency of proof of the expenses for reimbursement of which judgment was entered. We have considered those contentions in the light of the record and briefs and find them to be without merit.
Affirmed.