ROTHENBERG, J.
This is an appeal of a final summary judgment in favor of the defendant, New Branch Corp. (“New Branch”), a dry cleaning business. The plaintiff, Nidia Juarez (“Juarez”), sued under the Florida Whistle Blower’s Act (“FWBA”), Section 448.102 of the Florida Statutes, alleging she was terminated because of her opposition to violence in the workplace. The FWBA prohibits termination of employees because they oppose a policy, practice, or activity of their employer that is in violation of a law, rule or regulation pertaining to the employer’s business. We affirm because Juarez presented no evidence that: the battery committed by New Branch’s employee was committed with the knowledge or approval of New Branch; the failure to protect Juarez from the attack was a policy, practice, or activity of New Branch; or the battery occurred within the scope of Antionia Erazo’s (“Era-zo”) employment or in furtherance of New Branch’s business interest.
Our standard of review is de novo, and we view the facts in the light most favorable to Juarez, the non-moving party below. Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782 (Fla.1965); Bldg. Educ. Corp. v. Ocean Bank, 982 So.2d 37, 40 (Fla. 3d DCA 2008). If the record reveals there are no disputed material facts on an issue that entitles New Branch to judgment as a matter of law, disputed facts regarding other issues are immaterial to whether the trial court correctly granted summary judgment. See Coral Way Shopping Ctr. v. City Stores Co., 216 So.2d 15, 17 (Fla. 3d DCA 1968) (finding summary judgment was correct where issues of fact raised were immaterial to whether the moving party is entitled to judgment as a matter of law); see also Dade-Commonwealth Title Ins. Co. v. Biscayne Kennel Club, Inc., 143 So.2d 713, 715 (Fla. 3d DCA 1962) (“[I]f it appears to the trial court that an asserted claim is without merit in law and nothing could be accomplished by submitting immaterial issues to a jury, then a summary judgment should be granted.”); accord Williams v. Joseph L. Rozier Mach. Co., 135 So.2d 763, 765-66 (Fla. 2d DCA 1962) (affirming summary judgment because the issues of fact were not material to the issue of whether defendant was liable to the plaintiff).
The undisputed facts are that on April 30, 2009, after Juarez pointed out to Erazo, a co-employee and wife of New Branch’s owner, Eduardo McConnell (“McConnell”), that Erazo had incorrectly ironed an item, Erazo tried to trip her so that she would fall. Although nothing followed the trip attempt, Erazo attacked Juarez the following day. The police were called to New Branch’s facility, but Erazo was not present when the police arrived. However, Juarez filed a police report on the date of the incident, and later sought and obtained a restraining order against Erazo.
During the pendency of the restraining order, Erazo did not work at New Branch’s facility. Juarez claimed that following the attack, McConnell’s treatment *1161 of her changed. He began making negative comments regarding her performance, and he was unhelpful in response to her questions regarding work. When the restraining order expired, Erazo returned to work, and Juarez was fired.
Juarez filed suit against New Branch, contending her termination was unlawful retaliation for “blowing the whistle,” in violation of the FWBA. Under the FWBA:
An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
§ 448.102, Fla. Stat. (2009). The FWBA defines retaliatory personnel action to include termination. § 448.101(5), Fla. Stat. (2009). A “law rule, or regulation” under the FWBA is “any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.” § 448.101(4).
At issue in this case is subsection (3) of the statute, which prohibits retaliation by employers against employees who object to an activity, policy, or practice of their employer that violates a law, rule or regulation pertaining to the employer’s business. Juarez contends that she satisfied the requisite elements under subsection (3) because: (1) she “object[ed]” by filing a police report and obtaining a restraining order; (2) the violence committed by Era-zo was an activity, policy, or practice of New Branch; (3) workplace violence is a hazard prohibited by the federal Occupational Safety and Health Act (“OSHA”); and (4) OSHA is a law applicable to New Branch’s business.
It is clear that workplace violence is a hazard prohibited by OSHA and that OSHA is a law applicable to New Branch and pertaining to its business, satisfying elements (3) and (4). Through OSHA, Congress enacted a statute to “assure so far as possible every working man and woman in the Nation safe and healthful working conditions,” 29 U.S.C. § 651(b) (2006), by requiring that each employer “shall furnish to each of [its] employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to [its] employees.” 29 U.S.C. § 654(a)(1) (2006). It is also clear that Juarez “objected” by filing a police report and obtaining a restraining order against Erazo. However, Juarez’s complaint was to the police, not the Occupational Safety and Health Administration, and her complaint was against the batterer, Erazo, not her employer, New Branch. Additionally, Juarez failed to offer any evidence that the violence committed by Erazo was an activity, policy, or practice of New Branch. See Sussan v. Nova Se. Univ., 723 So.2d 933, 934 (Fla. 4th DCA 1999) (affirming dismissal of an action brought under the *1162 FWBA where the complaint failed to allege that the university ratified the illegal conduct of its employees). She also provided no evidence that the battery was committed within the scope of Erazo’s employment or in furtherance of New Branch’s business. See Ruiz v. Aerorep Grp. Corp., 941 So.2d 505, 508 (Fla. 3d DCA 2006) (affirming dismissal of Ruiz’s FWBA claim where the complaint failed to allege that Ruiz’s co-employee battered her with the purpose of benefitting the interests of the employer).
We therefore conclude that summary judgment was properly granted in New Branch’s favor, and affirm the order below.
Affirmed.