# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D17-1529 & 3D16-2205
Lower Tribunal No. 14-2593

————————————

**TM Wireless Communication Services, Inc.,**
Appellant,

vs.

**All Commerce, Inc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Mesa & Associates and Manuel Arthur Mesa, for appellant.

Wermuth Panell & Ortiz PLLC and J. Michael Wermuth and Andres R. Cordova, for appellee.

Before SUAREZ, FERNANDEZ and LUCK, JJ.

PER CURIAM.

This case arises out of a dispute over the sale of cellular telephones from a reseller to a distributor in Latin America. All Commerce, Inc., the reseller, sued TM Wireless Communication Services, Inc., the distributor, for breach of contract for failing to pay for the telephones All Commerce shipped to TM Wireless. TM Wireless countersued for breach of a joint venture agreement, breach of contract, and fraudulent inducement. TM Wireless appeals the trial court's summary judgment in favor of All Commerce on all claims, and the award of attorney's fees to All Commerce. We affirm in part, and reverse in part.

*Factual Background and Procedural History*

All Commerce approached TM Wireless about buying Nextel Hunwei models U5300 and U6020 cellular telephones. TM Wireless was interested because these telephones had a transferable Nextel SIM card and push-to-talk feature, which allowed the telephone to work similar to a "walkie-talkie" with anyone else on the Nextel network.

All Commerce gave two sample telephones, one for each model, for TM Wireless to test and "confirm the agreement based on sample approval." TM Wireless tested them in the United States, and then sent them for testing to a potential customer in South America. For both tests, the telephones worked.

Based on the samples, TM Wireless agreed to buy the telephones. When TM Wireless received the first shipment, however, the telephones were locked –

they would not accept the SIM card. All Commerce agreed to unlock the telephones and had them shipped to its service center.

Once the telephones were unlocked, TM Wireless distributed them to retail customers in South America. The push-to-talk function, however, did not work. Throughout April 2013, the parties tried to resolve the problems with the telephones, but by May TM Wireless determined the problems could not be fixed.

TM Wireless paid All Commerce all but $80,923.35 of the total amount invoiced for the telephones. After All Commerce refused to take the telephones back, TM Wireless sold the remaining phones at $26.25 each for a total of $183,225. All Commerce then filed the instant action against TM Wireless to recover the remaining balance on their invoices.[1] TM Wireless responded with affirmative defenses and a counterclaim alleging that the agreement to sell the telephones was a joint venture between the two companies, and not a sales contract as alleged by All Commerce, and All Commerce breached the joint venture agreement. Alternatively, TM Wireless claimed, even if the agreement was a sales contract, All Commerce breached first when it shipped telephones that did not conform to the samples, and All Commerce fraudulent induced TM Wireless to enter into the sales contract. TM Wireless pleaded its fraudulent inducement and

---

[1] In addition to its breach of contract claim, All Commerce included claims for account stated, open account, and unjust enrichment. These other claims were voluntarily dismissed.

first-breach claims both as affirmative defenses to All Commerce's complaint, and as counterclaims.

The parties filed two rounds of cross-summary judgment motions. In the first round, the focus was TM Wireless's counterclaim that the agreement between the parties was a joint venture (instead of a sales contract) that All Commerce breached. The trial court granted All Commerce's motion and denied TM Wireless's.

In the second round, All Commerce moved for summary judgment on its breach of contract claim. TM Wireless opposed All Commerce's entitlement to summary judgment based on its affirmative defenses alleging fraudulent inducement and a first breach by All Commerce of the sales contract. TM Wireless also moved for summary judgment on its amended counterclaim on the same claims. Thus, at this stage of the proceedings, the issues before the trial court were whether: (1) there were no genuine issues of material fact on All Commerce's claim of breach of the sales contract; and (2) TM Wireless's affirmative defenses and counterclaims of fraudulent inducement and first breach by All Commerce precluded entry of judgment in favor of All Commerce. The trial court granted All Commerce's motion for summary judgment, and entered judgment for All Commerce for the $80,923.35 TM Wireless had not paid for the shipped telephones. This is TM Wireless's appeal from the trial court's judgment.

4

*Standard of Review*

"The party moving for summary judgment must show that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. In addition, a plaintiff moving for summary judgment must refute the nonmoving party's affirmative defenses." Cerron v. GMAC Mortg., LLC, 93 So. 3d 456, 457 (Fla. 2d DCA 2012). "Our standard of review is de novo, and we view the facts in the light most favorable to . . . the non-moving party below." Juarez v. New Branch Corp., 67 So. 3d 1159, 1160 (Fla. 3d DCA 2011).

*Discussion*

TM Wireless contends that the trial court erred in finding no genuine issue of material fact that: (1) the agreement between the parties was a sales contract rather than a joint venture (Count I of TM Wireless's counterclaim); (2) All Commerce did not fraudulently induced TM Wireless to enter into the contract (TM Wireless's First Affirmative Defense to Complaint); and (3) All Commerce did not breach the sales contract first by providing nonconforming telephones (TM Wireless's Second Affirmative Defense to Complaint). We affirm the part of the trial court's judgment finding no genuine issue of material fact that the agreement was not a joint venture, and All Commerce did not fraudulently induce TM Wireless to buy the telephones. See § 672.201(1), Fla. Stat. (2013) ("[A] contract for the sale of goods for the price of $500 or more is not enforceable by way of

action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker."); Moriber v. Dreiling, 194 So. 3d 369, 373 (Fla. 3d DCA 2016) (stating fraudulent inducement requires proof of "the representor's knowledge that the representation is false").

As to TM Wireless's affirmative defense that All Commerce breached the sales contract first by providing nonconforming telephones, Florida's commercial code provides that "[a]ny sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model." § 672.313(1)(c), Fla. Stat. (2013). The sworn statements of Edward Chang (TM Wireless's vice president), Frank Chang (the company's chief executive officer), and Mario Ego-Aguirre (another vice president), filed in opposition to All Commerce's summary judgment motion, showed the following facts. During the negotiations over the sale of the telephones, All Commerce "represented to TM Wireless that the [cellular telephones] were fully operational and that [the] two features" – SIM card transferability and push-to-talk – "worked." All Commerce "provided two samples, one of each model, for TM Wireless to test and confirm the agreement based on sample approval." The samples worked when tested in the United States and Latin America, and based on that, TM Wireless entered into the contract with All Commerce. However, when

the telephones were shipped they were locked, and when unlocked, the push-to-talk feature did not work. At that point, Florida's commercial code permitted TM Wireless to reject the goods, id. § 672.601(1) ("[I]f the goods . . . fail in any respect to conform to the contract, the buyer may . . . reject the whole . . . ."), or revoke its acceptance, id, § 672.608(1) ("The buyer may revoke her or his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to her or him if she or he has accepted it: (a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or (b) Without discovery of such nonconformity if her or his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances."). These facts create a genuine issue of whether All Commerce first breached its express warranty when the shipped telephones did not conform to the samples, and whether TM Wireless properly rejected the goods.

*Conclusion*

For these reasons, we affirm summary judgment in favor of All Commerce on TM Wireless's counterclaims and affirmative defenses for breach of joint venture and fraudulent inducement. We reverse the summary judgment entered in favor of All Commerce on TM Wireless's counterclaim and affirmative defense that All Commerce first breached the sales contract. We also reverse the award of

7

attorney's fees based on the summary judgment. Accordingly, the case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings.